Billy Paul SKINNER, Petitioner,

v.

Ray H. PAGE, Warden, and State of Oklahoma, Respondents.

No. A–14895.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Billy Paul Skinner, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

## PER CURIAM:

This is an original proceeding in which Billy Paul Skinner has petitioned this Court for a writ of habeas corpus for release from his present incarceration in the Oklahoma State Penitentiary where he is incarcerated under judgment and sentence rendered on November 7, 1967, in the District Court of Oklahoma County, Oklahoma, Case No. 33538, sentencing Petitioner to twenty years for the crime of robbery with firearms on a plea of guilty.

Petitioner alleges that the judgment and sentence rendered against him is invalid in that he was denied adequate representation by counsel. Petitioner claims that his case was prejudiced by the fact that his retained counsel had been charged with perjury in another matter. The appearance docket reflects that Petitioner's counsel attempted to receive a continuance of his cause for this reason and that same was denied on November 7, 1967. Petitioner's counsel then moved to withdraw as counsel and said motion was denied. Thereupon on the same date Petitioner while represented by the same attorney withdrew his plea of not guilty and entered a plea of guilty to the charge. It is noted that there was no apparent attempt to appeal the ruling of the trial court in this regard and that Petitioner with his counsel apparently chose not to raise this matter on appeal. Therefore, we can only assume that the trial court acted within its sound discretion in denying a continuance and request to withdraw as counsel.

■ Petitioner also alleged that he was denied adequate representation of counsel for the reason that he participated in police lineups without benefit of counsel. However, Petitioner is not prejudiced by a lineup identification without the presence of counsel where he later voluntarily enters a plea of guilty while represented by counsel. In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, the United States Supreme Court ruled that certain testimony regarding identification of accused in a pretrial police lineup held in the absence of the accused's counsel was inadmissible in accused's trial. Since in the instant case Petitioner did not elect a trial there can be no question regarding the admissibility of testimony regarding a pretrial police lineup identification absent counsel.

■ Petitioner's implication that he was denied effective representation by counsel due to the above events does not constitute denial of representation by counsel or inadequate legal representation. As this court has noted before, only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the court, can a charge of inadequate legal representation prevail. Goodwin v. Page, Okl.Cr.App., 444 P.2d 833. Scott v. United States, 334 F.2d 72 (6th Cir. 1964). Grubbs v. State, Okl.Cr.App., 397 P.2d 522.

■ Petitioner's further contention that the judgment and sentence is illegal in that he was prosecuted under an information rather than a grand jury indictment is without merit. This contention has been dealt with on numerous occasions by this court and found to be without merit. This court has concluded that under Article II, § 7, of the Oklahoma Constitution a prosecution may be by an indictment or by information as they are alternative methods, and that a prosecution by information does not violate either the Fourteenth or Fifth Amendment of the United States Constitution. In re McNaught, 1 Okl.Cr. 528, 99 P. 241 (1909). Sisson v. State, Okl.Cr.App., 426 P.2d 379 (1967).

■ Likewise we find Petitioner's final contention that his punishment was excessive, and is thus cruel and unusual punishment, without merit. In Brown v. State, Okl.Cr.App., 423 P.2d 743 (1967), this court held in the second paragraph of its syllabus as follows:

"Question whether sentence of 20 years for first degree robbery was excessive could not be inquired into in habeas corpus proceedings but was a matter to be considered only on appeal from conviction."

Generally, a sentence imposed within the limitations provided in a statute does not constitute "cruel and unusual punishment" as contemplated by the Eighth Amendment of the United States Constitution. Smith v. United States, 273 F.2d 462 (10th Cir. 1959), certiorari denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729. Petitioner has not alleged any facts which would justify a finding that he was denied any of his constitutional rights nor does it appear that the judgment and sentence imposed are inconsistent with any constitutional provisions. For these reasons we must hold that Petitioner has not stated facts sufficient to grant the relief prayed for and the writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.