**Billy Paul SKINNER, Plaintiff,**

v.

**The STATE OF OKLAHOMA and Warden Ray H. Page, Respondents.**

**No. 69–473 Civ.**

United States District Court
W. D. Oklahoma.

Jan. 8, 1970.

Billy Paul Skinner, pro se.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

ORDER

DAUGHERTY, District Judge.

The above Petitioner, a prisoner of the State of Oklahoma, proceeds herein under 28 U.S.C.A. § 2254. The case was filed in the Eastern District of Oklahoma and by that Court transferred to this District pursuant to 28 U.S.C.A. §§ 2241(d).

The pleadings and records placed before the Court reflect that the Petitioner plead guilty to the crime of robbery with firearms in Case No. 33538 in the District Court of Oklahoma County, Oklahoma, and was sentenced on said plea of guilty to twenty years imprisonment. The Petitioner was represented throughout by privately retained counsel of his own choice. After the twenty year sentence was imposed, the Petitioner was given the opportunity by the sentencing judge to withdraw his plea of guilty and receive a jury trial. The Petitioner did not avail himself of this opportunity. Nor did Petitioner appeal his conviction and sentence to the Oklahoma Court of Criminal Appeals. Petitioner did thereafter file an original mandamus petition with the Oklahoma Court of Criminal Appeals [1] in which he sought a reduction of his twenty year sentence and complained that his twenty year sentence was cruel and excessive. The Oklahoma Court of Criminal Appeals denied relief on the mandamus petition holding that the twenty year sentence was within the maximum prescribed by Oklahoma law for the offense involved [2] and that the sentence was not cruel and excessive. Petitioner then filed an original habeas corpus petition in the Oklahoma Court of Criminal Appeals [3] in which he alleged that he

---

1. Skinner v. State, Okl.Cr., 443 P.2d 969.

2. The punishment in Oklahoma for the crime of robbery with firearms is five years to death. 21 Okl.St.Ann. 801.

3. Skinner v. Page, Okl.Cr.App., 450 P.2d 222.

had been denied adequate representation by counsel, had been denied a continuance, appeared in a police line-up without counsel, was prosecuted by an information rather than a grand jury indictment and that his twenty year sentence constituted cruel and unusual punishment.

In the habeas petition now before this Court, the Petitioner alleges that (1) he was denied the effective assistance of counsel, (2) he was denied a continuance, and, (3) his attorney was not allowed to be present when his jury was to be drawn from the jury panel.

██ Petitioner has not shown an exhaustion of his available state remedies on complaint (3), above. This he must do before this Court will consider the same. 28 U.S.C.A. § 2254. In these circumstances, the Court will not entertain complaint (3) even though it obviously does not present a federal constitutional question. Petitioner has presented his complaints (1) and (2), above, to the Oklahoma Court of Criminal Appeals.[3] Thus, the Court finds an exhaustion of available state remedies thereon and will consider the same.

██ As to complaint (1). Our Circuit has held in many cases that before a valid claim of ineffective counsel may be established it must be shown (and, of course, first alleged) that the proceedings amounted to a sham, a farce and a mockery on justice. Johnson v. United States, 380 F.2d 810 (Tenth Cir. 1967) and cases cited in Note 3 thereof. Petitioner's complaint regarding his personally retained attorney appears to be based on the fact that his attorney had been convicted of the crime of perjury. This conviction, of course, does not amount to a conclusion that his counsel is not competent and cannot render effective and adequate legal representation to his clients. Moreover, the record shows that the Petitioner in this case entered a voluntary plea of guilty after advising with his attorney. In these circumstances, as alleged by the Petitioner, if taken as true, they are insufficient to sustain a claim of ineffective legal representation under the test of the above cases. The record shows that Petitioner selected and retained his own attorney, an experienced lawyer specializing in the field of criminal law, conferred with him before entering a plea of guilty, refused an offer of the Court to withdraw such plea of guilty and receive a jury trial and did not appeal his conviction and sentence. This complaint is wholly without merit as a matter of law.

██ As to complaint (2). The matter of granting or denying a continuance rests in the sound legal discretion of the court. Any complaint thereon is a matter for direct appeal. A ruling on such a motion does not raise a federal constitutional question as a matter of law under the circumstances of this case. Moreover, any complaint about not getting a continuance was waived by thereafter entering a plea of guilty. Moore v. Rodriquez, 376 F.2d 817 (Tenth Cir. 1967), cert. denied 389 U.S. 876, 88 S.Ct. 174, 19 L.Ed.2d 164. This complaint is without merit.