**Billy Paul SKINNER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-17254.**

Court of Criminal Appeals of Oklahoma.

May 3, 1972.

Billy Paul Skinner, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

This is an appeal from the Denial of Post-Conviction Relief in the District Court of Oklahoma County, Oklahoma, in Case Number 33538, a charge of Robbery with Firearms, to which charge the defendant entered a plea of guilty and was sentenced to a term of twenty (20) years in the state penitentiary. At the time of sentencing, the record reflects the defendant also waived his time for appeal and requested immediate transportation to the penitentiary.

Since briefs were not timely filed in accordance with the Rules of this Court, this cause was summarily submitted for consideration on the record to be examined for fundamental or prejudicial error only.

The main thrust of the appellant's contention is that the plea of guilty entered by him in this case was involuntary. The record fails to bear out that contention. Following are the proceedings had on November 7, 1967, after Mr. Pitman, counsel for appellant, advised the court that he had not as yet announced ready for trial:

"MR. PITMAN: Could we have a small conference with counsel for the state?

THE COURT: Very well. There has been a request for a short recess by counsel for the defendant which the Court has granted. Both parties are requested to come to the Court's chambers. We will be ready to start the selection in just a few moments.

(Reporter's Note: Whereupon, there was a short recess after which the proceedings resumed.)

THE COURT: Mr. Pitman, has the defendant reconsidered his plea in this case?

MR. PITMAN: Yes, he has at this time, and we ask leave to withdraw the plea

heretofore entered for the purpose of entering a new plea at this time.

THE COURT: Very well, that permission may be granted.

MR. PITMAN: At this time comes now the defendant and moves to withdraw his plea of not guilty previously entered at this time.

THE COURT: Very well, permission granted to withdraw it. The Court would inquire is your full name Billy Paul Skinner?

A. Yes, sir, it is.

THE COURT: How old are you, Mr. Skinner?

A. Twenty-five.

THE COURT: Is Mr. Valdhe Pitman here with you your attorney?

A. Yes.

THE COURT: You know you are charged with the crime of robbery with firearms, do you not?

A. Yes.

THE COURT: Have you and your lawyer had a copy of the charge in this case, that is, the information alleging the crime?

A. Yes.

THE COURT: Do you know that the maximum punishment provided for this crime is the electric chair and that the minimum is five years imprisonment in the State penitentiary?

A. Yes.

THE COURT: Do you realize that on a plea of guilty you may be sentenced to a term of imprisonment within these periods and that it would be not less than five years up to the electric chair?

A. Yes.

THE COURT: Have you talked this case over with your lawyer and do you understand your rights and have you had his counsel and advice in this matter?

A. Yes.

THE COURT: Do you wish to enter a plea at this time?

A. Yes.

THE COURT: What is your plea?

A. Guilty.

THE COURT: Do you plead guilty of your own free will and only for the reason that you are guilty and do you admit the acts charged?

A. Yes.

THE COURT: Have you been abused, mistreated or threatened by anyone to have you enter this plea?

A. No, sir.

THE COURT: Is it your desire to enter your plea and be sentenced by the Court at this time?

A. Yes, sir.

THE COURT: All right, the Court on your plea does find you guilty." (Tr. 22–25)

Thereafter, the record indicates the defendant was advised by the court of his rights to appeal the judgment and sentence of the court.

We note a variety of other contingents raised by the appellant, however, all of these matters have been covered and previously decided by this Court in Skinner v. Page, Okl.Cr., 450 P.2d 222 (1969), and in Skinner v. State, Okl.Cr., 443 P.2d 969 (1968).

We also note that the trial court, in considering this application for post-conviction relief, reviewed the record herein and made certain findings of fact and conclusions of law, which findings of fact and conclusions of law are supported by the record and are adopted by this Court and are appended hereto.

For the reasons herein stated, the trial court's Denial of Post-Conviction Relief is affirmed, and appellant is advised that he has now exhausted all of his state remedies.

BUSSEY, P. J., and BRETT, J., concur.

APPENDIX

Summary No. 7                                                    Revised:  November, 1971

IN THE DISTRICT COURT, OKLAHOMA COUNTY, OKLAHOMA

| | |
|---|---|
| THE STATE OF OKLAHOMA, <br>                  Plaintiff, <br>       vs. <br> BILLY PAUL SKINNER, <br>                 Defendant. <br> No. 76193 <br> Address:  McAlester | DISTRICT COURT CASE NO. ___33538___ <br><br> COURT OF CRIMINAL APPEALS NO. _____ <br>            A–14895 <br> CITATION NO. Skinner v. Page, Okl.Cr., 450 P.2d <br> 222. |

POST-CONVICTIONS—FINDINGS

(Title 22, O.S.Supp.1970, #1080 et seq)

Original Charge:  Robbery with Firearms.

Judgment and sentence:  November 7, 1967, defendant pled guilty and was sentenced to serve a term of twenty (20) years.    No appeal.

Application for Post-Conviction relief filed:  December 27, 1971.

Response of District Attorney:  Deny application.

Was form authorized by Court of Criminal Appeals used?    A.   Yes.

Proceeding in Court of Criminal Appeals, if any:  Skinner v. Page, Okl.Cr., 450 P.2d 222.

Is there a genuine issue of material fact?    A.   No.

Is an evidentiary hearing necessary?    A.   No.

Is the testimony of the Trial Judge material to such a hearing?    A.   No.

Findings of fact:  This defendant with an able lawyer of his own choice pled guilty in open Court to the charge and was sentenced.  If he had any defenses to this charge, he waived them by entering his plea of guilty.  Carson v. State, Okl.Cr., 481 P.2d 796.  He filed Habeas Corpus and was denied.  Skinner v. Page, supra.

Conclusions of law:  This defendant has not been denied any constitutional or statutory right. Sam v. State, Okl.Cr., 425 P.2d 619.  The Court of Criminal Appeals considered the matter thoroughly in the Habeas Corpus action, cited supra.

Order:  Denied.

Date:  December 29, 1971.

(This order to be filed by the Clerk
as a part of the minutes in this case).                         Clarence  Mills

                                                   DISTRICT JUDGE

                                           Court  Reporter  Present