Raymond E. MILLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17567.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1972.

Michael P. Atkinson, Enid, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Raymond E. Miller, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. TR–72–5603, of failure to have a vehicular inspection in violation of 47 O.S.1971, § 851–861, with punishment fixed at a fine of $10.00. Judgment and sentence was imposed on January 23, 1972, and this appeal perfected therefrom.

After entering a plea of not guilty, the defendant appeared in district court for a non-jury trial and stipulated that he was operating a motor vehicle in Tulsa County without a current safety inspection certificate or sticker. The defendant advised the court that he was challenging the constitutionality of the Act requiring motor vehicle safety inspections. The trial court found the Act constitutional and convicted defendant thereunder.

On appeal it is defendant's first contention that the trial court erred in convicting the defendant, as the State failed to establish the material elements of the crime charged. In substance, the Motor Vehicle Inspection Act, 47 O.S.1971, § 851, provides that no person shall drive or move on any highway any motor vehicles "which are licensed by the Oklahoma Tax Commission and operated on the streets or highways of this State" unless said vehicle is adjusted as required in this Act and said vehicle bears an official inspection certificate. Defendant contends that the burden is always upon the State to prove every element of the offense charged, and that there was no evidence in the trial court that the defendant's vehicle was "licensed by the Oklahoma Tax Commission and operated on the streets or highways of this State."

From a review of the record, it is obvious that the defendant fully admitted his guilt of driving a motor vehicle without a vehicle inspection certificate. Defendant's statements, while represented by counsel, fully admit his guilt to the offense charged. When the defendant so admits his guilt, he absolves the State's burden to prove the material element of crime charged. Accordingly, we find that the defendant's stipulation and admission, which were voluntarily and intelligently given, supported a guilty verdict and conviction.

As to the constitutionality of the Motor Vehicle Inspection Act, the defendant contends that the Act is an arbitrary abridgement of the right of a citizen to travel upon public highways in violation of Article II, Section 7, of the Oklahoma Constitution, which provides that no person shall be deprived of life, liberty, or property, without due process of law. In this connection, it is further argued that the inspection Act "may" violate the Thirteenth Amendment to the United States Constitution, as it "imposes a form of servitude before one may properly drive a car."

It is fundamental that the "Legislature, in exercise of right to regulate use of highways and of inherent police power of state alone, has power to regulate circumstances under which automobiles may be operated upon highways of state." State v. Moyers, 86 Okl.Cr. 101, 189 P.2d 952 (1948). The right of the Legislature to enact laws for the preservation of the public health, safety, and welfare is beyond question. Polk v. Oklahoma Alcoholic Beverage Control Board, Okl., 420 P.2d 520. It is only when the exercise of police power becomes unreasonable, arbitrary, or capricious, or violates a fundamental constitutional guarantee that it may be successfully challenged. When a law operates on all alike and does not subject individuals to arbitrary exercise of the Government, and provides a regular course of administration and enforcement, it is generally said to satisfy the due process of law requirement. Shaw v. State, 76 Okl.Cr. 271, 134 P.2d 999, 138 P.2d 136 (1943).

We find that the Motor Vehicle Inspection Act operates equally on all alike and does not subject individuals to arbitrary, capricious, or unreasonable exercise of governmental power. The law provides for a regular course of administration through the courts and otherwise satisfies the general requirements of due process of law before a person can be convicted thereunder. We find defendant's contention, which is unsupported by authorities, that the Act imposes a form of servitude before one may properly drive a car to be without merit. The Legislature has the power to regulate the circumstances under which a motor vehicle may be operated upon the highways of the state. We find that the Motor Vehicle Inspection Act, an exercise of the Legislature's power, fully satisfies due process requirements and violates no constitutional guarantee.

Defendant further contends that the Motor Vehicle Inspection Act is unconstitutional because of an unlimited delegation of legislative power to the Commissioner of Public Safety, in violation of Article IV, Section 1, of the Oklahoma Constitution, which provides that the powers of state government shall be divided into the legislative, executive, and judicial departments. Defendant argues that there is an unconstitutional delegation of legislative power since the Motor Vehicle Inspection Act "endows the Commissioner of Public Safety with an absolute unregulated, and undefined descretion in the administration of official inspection stations."

In Jones v. State, 95 Okl.Cr. 323, 245 P.2d 756 (1952), this Court held that the authority vested in the State Highway Commission by the Legislature to place warning devices and safety signs in various places on the highways for protection of the traveling public, was not an illegal del-

egation of legislative authority. In so holding, the Court held:

"The power to determine the policy of the state is primarily legislative and cannot be delegated, but the legislature may delegate the power to make rules of subordinate character for the purpose of carrying out that policy and apply them to varying conditions; and though such power partakes of legislative character, it is in its dominant aspect administrative and delegable.

"So long as a policy is laid down and a standard established by a statute, no unconstitutional delegation of legislative power is involved in leaving to selected instrumentalities the making of subordinate rules within prescribed limits, and the determination of facts to which the policy as declared by the legislature is to apply."

Upon examining the Motor Vehicle Inspection Act, we are of the opinion that the Legislature established an ascertainable policy and standard to guide the Commissioner of Public Safety in administrating official inspection stations. The Legislature did delegate the power to make rules of supporting character for the purposes of carrying out that policy and applying such to varying conditions. This power is in its dominant aspect administrative, and therefore delegable. The Act intends that motor vehicles upon the public highways shall be "in good working order and adjustment" and that such vehicles be "in such safe mechanical condition as not to endanger the driver or other occupant of any vehicle upon the highway." 47 O.S.1971, § 851. The Act, in Section 855, provides that the Commissioner shall designate official inspection stations and issue permits and instructions to such stations for the inspection of vehicles. Section 856(c) provides that each official inspection station shall examine brakes, steering, front and rear wheel suspension, exhaust systems, wheels and tires, windshield wipers, horn or warning device, turn signals, windshield and other glass, and lighting equipment.

The authority vested in the Commissioner of Public Safety by the Legislature to designate, inspect, and otherwise administrate official inspection stations, is not an unconstitutional delegation of legislative authority. This power granted to the Commissioner is in its dominant aspect administrative, and not legislative in nature.

Having found the defendant's challenges to the constitutionality of the Motor Vehicle Inspection Act to be without merit, we conclude that the law is constitutional and that defendant's conviction thereunder should be, and the same is hereby, affirmed.

BUSSEY, P. J., concurs.