**Yoramu Jomabuti AJEANI, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–437.**

Court of Criminal Appeals of Oklahoma.

April 30, 1980.

Rehearing Denied May 27, 1980.

Robert M. Murphy, Jr., Stillwater, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Jennie L. McLean, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction for Resisting an Officer, CRM–77–1269, and Assault and Battery Upon a Police Officer, CRM–77–1270, which had been tried together in the District Court of Payne County with two additional related charges of which Appellant was acquitted—Public Intoxication, CRM–77–1267 and Breach of the Peace, CRM–77–1268—the Appellant, Yoramu Jomabuti Ajeani, hereinafter referred to as defendant, raises two assignments of error. Before considering those assignments of error, we note the following relevant evidence at trial: The State's evidence was that two officers of the Oklahoma State University Police Department, Officers Shelton and Disel, went to defendant's residence at about 6:30 a. m. on December 13, 1977, to question him concerning an incident earlier that morning. They entered past defendant's wife at defendant's shouted invitation and went to a bedroom where defendant was lying in bed. Defendant became profane and abusive with the officers, who then left the apartment. However, defendant followed the officers out to a sidewalk in a public court and again became abusive and profane. Defendant appeared to the officers to be intoxicated and was known to have had a bottle of wine in his possession several hours earlier. When defendant ignored the officer's repeated requests to quiet down and return to his residence, the officers attempted to arrest him. Defendant resisted and a struggle ensued, during which defendant punched Officer Shelton in the face.

The defendant's evidence was that the officers forced their way into the residence

past defendant's wife without invitation, and arrested and dragged defendant from the residence, beating him. Defendant fought back until other officers arrived and he was transported to jail.

Defendant asserts in his first assignment of error that the warrantless misdemeanor arrest in this case was unlawful, that defendant lawfully resisted that arrest, and that the trial court erred in not sustaining defendant's motion in arrest of judgment as to the Assault and Battery Upon a Police Officer and Resisting Arrest charges. Defendant points to the provisions of 22 O.S. 1971, § 196; "A peace officer may, without a warrant, arrest a person: 1. For a public offense, committed or attempted in his presence  .  .  ." Defendant reasons that, by its verdict, the jury found that the offenses for which the arrest was made, Breach of Peace and Public Intoxication, did not in fact occur, so that no public offense was in fact committed or attempted in the officer's presence, and the arrest was unlawful. Therefore, the conduct after the arrest, forming the basis of the Assault and Battery and Resisting Arrest charges, was in reality lawful resistance to an unlawful arrest.

■ We find this assignment of error to be without merit. We hold that an arrest for a misdemeanor, without warrant, where the arresting officer has probable cause, based on information coming to his senses or his personal observation at the time, to believe that a misdemeanor or other public offense is being committed in his presence by the arrestee, is not unlawful, even though arrestee is subsequently found innocent of the charges. We find support for this view in the following decisions of other jurisdictions construing provisions similar to § 196: *Cave v. Cooley*, 48 N.M. 478, 152 P.2d 886 (1944, New Mex.); *Coverstone v. Davies*, 38 Cal.2d 315, 239 P.2d 876 (1952, Cal.) cert. den'd 344 U.S. 840, 73 S.Ct. 50, 97 L.Ed. 653 (1952); *Miller v. State*, 462 P.2d 421 (1969, Alaska); *Sennett v. Zimmerman*, 50 Wash.2d 649, 314 P.2d 414 (1957); *House v. Ane*, 58 Haw. 383, 538 P.2d 320 (1975); *Rosenberg v. State*, 264 So.2d 68 (1972, Fla.

App.). See also *People v. Dixon*, 392 Mich. 691, 222 N.W.2d 749 (1974). The recurring concern expressed in these cases is that law enforcement officers not be hampered in the performance of their duties by the threat of civil liability, or be subjected to physical resistance later sanctioned by law, due to an honest, reasonable mistake as to whether an offense appearing to have been committed in their presence was in fact committed. This concern was well expressed in an oft-quoted passage from the opinion in *Coverstone* as follows:

"When an arrest for a misdemeanor is made upon the complaint of one other than the arresting officer, it is proper to require the securing of a warrant to justify the arrest.  .  .  . However, to make the same requirement, when the officer sees that in all probability a public offense is being committed in his presence, would be to hamper law enforcement officers in their every day enforcement of the law. Peace officers would be reluctant to make arrests for fear that they would be held liable for having made an honest and reasonable mistake. It is thus manifest that the day to day problems of law enforcement require that peace officers be allowed to act without fear of being held liable upon the facts as they see them, provided such facts would lead a reasonable person to conclude that he was witnessing the commission of a public offense by the person arrested." 239 P.2d at 879–880.

That an accommodation of competing interests is achieved by this construction is reflected in the remarks of the Court in *House:*

"It is believed that such a construction of the statute harmonized with what society would deem necessary to protect itself from lawlessness by facilitating the apprehension of criminals and preventing the commission of crimes. The countervailing interest of the community in the freedom of the individual citizens from arbitrary and capricious seizure is balanced by the requirement of probable cause." 538 P.2d at 325.

This is not to say that mere suspicion or subterfuge will justify a warrantless misdemeanor arrest; nor will information supplied by a third person suffice. However, the record in the case at bar reveals that the arresting officers had probable cause to believe that defendant had committed the misdemeanors of Breach of Peace and Public Intoxication in their presence. Although not sufficient as it turned out to convince the jury beyond a reasonable doubt, the officers can not be said to have acted on mere suspicion or as a mere subterfuge. Therefore, the arrest was not unlawful so as to justify defendant's subsequent assault on the officers.

However, defendant's second assignment of error—that the Assault and Battery Upon a Police Officer, and the Resisting Arrest were duplicate charges covering the same conduct—is well taken. The information in Case No. CRM–77–1269 alleges Resisting an Officer by use of force and violence upon Officer Shelton while the officer was arresting defendant in the performance of his duties. The information in Case No. CRM–77–1270 alleges Assault and Battery Upon a Police Officer by hitting, striking and contending with Officer Shelton who was in the performance of his duty.

Officer Shelton's testimony on this point was that he took defendant by the arm to arrest him, but defendant broke away from his grasp, whereupon the officer grabbed ahold of defendant again and the men fell to the sidewalk. On the sidewalk, the defendant continued to struggle with the officer and while doing so struck the officer with his fist in the face. It would seem, that this struggling and contending, including the blow, is that 'use of force and violence' upon Officer Shelton which was charged in Case No. CRM–77–1269 as resisting arrest. To charge and punish defendant for a portion of the same conduct a second time in CRM–77–1270 violates 21 O.S.1971, § 11, which provides in relevant part that ". . . an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions . . . but in no case can he be punished under more than one . . . ."

In *Barnett v. State*, Okl.Cr., 560 P.2d 997 (1977), this Court regarded proof of an assault and battery upon the arresting officer as a separate offense but admissible as part of the res gestae in trial of a resisting arrest charge. However, under the facts of that case the assault battery occurred as the officers stood on the porch of a house attempting to arrest the defendant, whereafter defendant fled into the house. The officers then conferred with the District Attorney and, upon arrival of additional officers, went into the house to effect the arrest. At that time, the defendant struggled with the officers as they attempted to handcuff him and so resisted arrest. That case is clearly distinguishable from the one at bar. In *Reams v. State*, Okl.Cr., 551 P.2d 1168 (1976), this Court held that the jerking away of defendant from the arresting officer's grasp, accompanied by threats by arrestee, was sufficient to establish the necessary resistance by force and violence. However, that case involved no attempt to punish the same conduct under different provisions of the code.

Therefore, for the above and foregoing reasons, the judgment and sentence in CRM–77–1269, Resisting Arrest, will be, and is hereby, *AFFIRMED*, but the judgment and sentence in CRM–77–1270, Assault and Battery Upon a Police Officer, will be, and is hereby, *REVERSED AND REMANDED* to the trial court with instructions to *DISMISS.*

CORNISH, P. J., concurs.

BRETT, J., dissents.