**John L. BOOKMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–426.**

Court of Criminal Appeals of Oklahoma.

April 11, 1983.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Dena L. Bates, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

John L. Bookman was convicted on two counts of Knowingly Concealing and Withholding Stolen Property, After Former Conviction of Two Felonies, in the District Court of Comanche County, Case No. CRF–81–346. Defendant was sentenced to twenty (20) years' imprisonment on each count, to be served consecutively.

In his first assignment of error, the defendant alleges that reversible error occurred when the trial court failed to instruct the jury that the State must prove beyond a reasonable doubt that he intended to permanently deprive the owner of possession of the property. We initially note that the defendant failed to preserve this assignment of error in his motion for new trial. *Turman v. State,* 522 P.2d 247 (Okl. Cr.1974). Also, the defendant did not object to the trial court's proposed instructions nor did he request additional instructions. *Robson v. State,* 611 P.2d 1135 (Okl. Cr.1980). Moreover, the evidence presented at trial did not warrant the trial court's giving of the instruction regarding the defendant's intent to permanently deprive the owner of possession. The only issue raised and the defendant's main defense at trial, was that he didn't know that the property was stolen.

The elements of concealing stolen property are: 1) Knowledge that the property was stolen and; 2) The act of concealing it in some manner from its rightful owner. *Carter v. State,* 595 P.2d 1352 (Okl.

Cr.1979). The jury instructions given generally cover the subject matter of the inquiry, including the elements of knowingly concealing and withholding stolen property. Therefore the defendant's first assignment of error is without merit.

In his second assignment of error, the defendant alleges that fundamental error occurred in the second stage of the trial when the trial court failed to instruct the jury that they could find that the defendant had been previously convicted of a single felony. Defendant failed to preserve this assignment of error in his motion for new trial. *Turman v. State,* supra. Also, the defendant did not object to the trial court's proposed instructions nor did he request additional instructions. *Wells v. State,* 559 P.2d 445 (Okl.Cr.1977). At trial two judgments and sentences were introduced into evidence and two Lawton police officers testified that they investigated the former convictions and identified the defendant as the person previously convicted. Finding no reversible error present, the defendant's second assignment of error is without merit.

In his final assignment of error, the defendant alleges that the trial court abused its discretion in refusing to run his sentences concurrently. Upon defense counsel's request that the defendant's sentences run concurrently, the trial court refused stating, "the jury could have requested the court to do that or you could have done that on a plea of guilty, but these are separate offenses and should run consecutively." We are of the opinion that the trial court did not abuse its discretion by imposing consecutive sentences for the reason that defendant was convicted of separate offenses. *U.S. v. Davis,* 573 F.2d 1177 (10th Cir.1979). Therefore, this assignment of error is without merit.

Accordingly, the judgments and sentences are AFFIRMED.

CORNISH, J., concurs in results.

BRETT, J., concurs.