Johnnie S. SIMMONS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–84–532.

Court of Criminal Appeals of Oklahoma.

Aug. 27, 1986.

Jack Simmons, pro se.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Johnnie S. Simmons, was charged in Beckham County District Court with Failure to Display Current Tag, Failure to Exhibit Drivers License, and Transporting a Loaded Firearm, Case Nos. CRM-84-27, CRM-84-28, and CRM-84-29, respectively. The jury found him guilty of Failure to Display Current Tag and he was sentenced to a fine of one hundred dollars ($100), plus costs, he now appeals, raising five assignments of error.

Briefly stated, on December 30, 1983, appellant was stopped and arrested by Beckham County deputy sheriff officers after they observed the appellant driving his white Chevrolet pickup truck on a public street in Sayre, Oklahoma with an expired registration sticker in violation of 47 O.S.1981, § 22.23–1(A)(5), a misdemeanor. At trial, Steve McCoy, an employee of the Motor Vehicle Division of the Oklahoma Tax Commission, testified that the pickup's registration had expired in December of 1980.

In his first assignment of error, appellant asserts that his arrest was unlawful because the law enforcement officers did not have the authority to arrest him for this traffic offense since it did not create an "immediate" threat to public health, safety, morals, or welfare of the public, and he further contends that such alleged illegal arrest deprived the trial court of jurisdiction. This assignment of error is meritless. Initially, we find that this arrest was properly made because 22 O.S.Supp.1984, § 196 gives police officers authority to arrest a person for misdemeanor violations, and this authority extends to arrests made pursuant to traffic offenses observed by the police. See, *Thompson v. State*, 453 P.2d 314 (Okl.Cr. 1969). Moreover, the alleged illegal arrest would not have affected the jurisdiction of the court. See, *Hightower v. State*, 672 P.2d 671 (Okl.Cr.1983), and *Raymer v. City of Tulsa*, 595 P.2d 810 (Okl.Cr.1979).

In a subproposition, appellant contends that the trial court committed fundamental error by failing to demand proof, on the record, of its jurisdiction at every step of the proceedings. Here, the controlling statute is 22 O.S.1981, § 121, which places jurisdiction in the state and county wherein the offense is consummated. We find that as there was competent evidence from which the jury could conclude that the offense charged was consummated in Beckham County, Oklahoma, it is clear that the trial court had jurisdiction and committed no error.

In his second assignment of error, appellant argues that the trial court erred

by denying his request for a grand jury indictment and proceeding against him by information rather than by indictment. We cannot agree. We find that the trial court properly denied appellant's request for an indictment since 22 O.S.1981, § 301 expressly provides that misdemeanors must be prosecuted by information. Further, the Oklahoma Constitution allows the prosecution of a misdemeanor to proceed by either indictment or information, as they are alternative modes. See, Okla. Const. Art. II, § 17, and *Bennett v. State,* 448 P.2d 253 (Okl.Cr.1968). Accordingly, this assignment of error is without merit.

■ In his third assignment of error, appellant alleges that the trial court violated his Sixth Amendment right, under the United States Constitution, to a common law jury by denying his request for a twelve-person jury and allowing only a six-person jury in his misdemeanor trial. The appellant relies on three very early Supreme Court cases, *Thompson v. Utah,* 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Rassmussen v. United States,* 197 U.S. 516, 25 S.Ct. 514, 49 L.Ed. 862 (1905). However, as noted in *Ballew v. Georgia,* 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), all these earlier cases had "assumed" the number 12 to be constitutionally compelled and were subsequently set to one side by a majority opinion in *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), because they had not considered history and the function of the jury. In *Williams,* supra, the United States Supreme Court held that the fact that the jury at common law was composed of precisely 12–persons is a historical accident, unnecessary to effect the purposes of the jury system, and therefore a six-person jury is not violative of one's Sixth Amendment rights, as applied to the states through the Fourteenth Amendment. The Court further held that its ruling leaves for Congress and the States to decide the precise number that can constitute a jury. The Oklahoma Constitution provides that juries shall consist of six (6) persons in misdemeanor trials. See, Okla. Const. Art. II, § 19. Therefore,

we find that the trial court properly denied appellant's request for a twelve-person jury in the misdemeanor trial and that the trial court did not thereby violate appellant's right to a common law jury, under the Sixth Amendment of the United States Constitution. This assignment of error is meritless.

■ The appellant argues, in his fourth assignment of error, that the trial court violated his right to counsel of choice under the Oklahoma Constitution, Art. II, § 20, by requiring that he may only be represented by a licensed attorney in the State of Oklahoma. Appellant contends that he should be allowed to choose a nonlicensed person to act as his legal counselor in court since Bar Association membership forces the appellant to enlist his enemy as his advocate and appears to be blackmail and/or extortion. This assignment of error is utterly frivolous. We find that the trial court properly refused to allow appellant to be represented by a person not licensed to practice law. As noted in *Baker v. State,* 9 Okl.Cr. 62, 130 P. 820 (1913), under the laws of this State, no one shall be permitted to practice as an attorney at law in any action in which he is not a party, unless he has been admitted to the bar by order of the Supreme Court of Oklahoma. Also see, 5 O.S.1981, Appendix 5, ch. 1.

Appellant's final assignment of error is that the trial court's denial of his request for a separation of the charge was error because the consolidation of such charges placed the appellant in the position of being unable to adequately defend himself. This argument is made without any citation of authorities and therefore will not be considered on appeal. See, *Ward v. State,* 628 P.2d 376 (Okl.Cr.1981).

Accordingly, for the above and foregoing reasons, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.