**Bradley Dean CUSTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–383.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Bradley Dean Custer, was convicted in the District Court of Tulsa County, Case Nos. CRM–83–613, CRF–83–1183, and CRF–83–1184 of Resisting Arrest, Simple Assault, and Running a Roadblock After Former Conviction of a Felony, respectively, and was sentenced to one year, six months, and five years' imprisonment, respectively. He appeals raising five assignments of error.

On March 31, 1983, at about 2:00 a.m., Officer Jim Clark of the Tulsa Police Department observed a 1961 Chevrolet pickup turn east into a west bound lane on East Apache Street striking the median as the turn was made. Clark pursued the vehicle using siren and red lights. During the pursuit, the appellant turned onto Highway 75 entering on the exit ramp and driving on the wrong side of the road. During this time other police units joined the pursuit. Before the appellant was stopped, he bumped Officer Clark's vehicle after Clark had managed to overtake the pickup and slow down in front of him, he struck another police unit while running a roadblock, and struck that same unit when it joined the pursuit and managed to pull up parallel to the pickup. The appellant next had his tires shot out by an officer who was a passenger in one of the pursuing police cars, and was then forced off the road where the appellant struggled with officers until he was handcuffed.

■ Appellant's first assignment of error alleges that the information charging him with resisting arrest was defective because it totally failed to provide notice of what acts would be relied upon to support a conviction.[1] There was no motion to quash, or demurrer to the information. "Generally, when a defendant pleads to an information and proceeds to trial, he waives his right to attack the sufficiency of the information on appeal." *Short v. State*, 634 P.2d 755, 757 (Okl.Cr.1981). The appellant cites *City of Tulsa v. Haley*, 554 P.2d 102 (Okl.Cr.1976) for the proposition that where the information fails to allege the acts constituting the offense, it is fatally defective and the error may be raised for the first time on appeal. We addressed this same issue in *Munson v. State*, 583 P.2d 511 (Okl.Cr.1978) where we stated that an information is sufficient if it charges an offense in substantially the language of the statute, and we distinguished *Haley* by observing that statutory language was not used in that case. As the information before us uses the language of 21 O.S.1981, § 268, we find that to be sufficient.

■ As his second assignment of error the appellant asserts that insufficient evidence was presented by the State to sup-

1. The charging portion of the information stated that the appellant did:

wilfully, knowingly and wrongfully resist by the use of force and violence one J.D. CLARK a police officer, in the performance of his legal duty in arresting BRADLEY DEAN CUS-TER for the offense of RUNNING A ROAD-BLOCK and ASSAULT WITH A DANGEROUS WEAPON, the said defendant well knowing that the said J.D. CLARK was a peace officer then and there performing his duty....

port his conviction for resisting arrest. The record reveals that after being pursued for several minutes by police cars employing red lights and sirens, the appellant bumped the rear of one police car, ran a road block striking another police car, and when the officers in that vehicle joined the pursuit, the appellant made several attempts to swerve into it, and finally succeeded, causing the driver to lose control and go off the roadway. When the appellant was finally stopped, he refused to exit his pickup, was pulled from it, flailing his arms and struggling with officers as they attempted to handcuff him. Weighing the evidence and determining the facts is the exclusive province of the jury, and where there is competent evidence in the record which reasonably supports the verdict, we will not interfere even though there may be a sharp conflict in the evidence. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). The facts show that the appellant forcibly resisted his immediate arrest, and we therefore find that the evidence was sufficient to support the conviction.

As his next assignment of error, the appellant complains that the trial court did not define the elements of resisting arrest in its instructions to the jury. A review of the record reveals that the trial judge inquired as to whether the defense counsel had any objections to any of the proposed instructions, and if counsel wished to submit any written instructions. Counsel made one objection to an instruction not before us for review, stated he had no other objections, nor did he wish to submit any written instructions. Where a defendant specifically states that he has no objection to the instructions, he has waived his right to allege error in them on appeal. *Butler v. State*, 645 P.2d 1031 (Okl.Cr. 1982). This assignment of error is meritless.

The appellant contends as his fourth assignment of error that imposing consecutive sentences was contrary to the double jeopardy protection of the United States Constitution. He argues that since the charge of Resisting Arrest was supported by evidence of the Assault and of Running a Roadblock, the latter two charges were necessarily included within the Resisting Arrest offense. The issue is whether or not the same conduct is being punished under different provisions of our statutes. Such punishment would be prohibited. *See* 21 O.S.1981, § 11. We have previously held that a defendant may not be punished for Assault and Battery Upon a Police Officer, and Resisting Arrest where the charges originate from the same conduct. *Ajeani v. State*, 610 P.2d 820 (Okl.Cr.1980). However, the case before us is distinguishable, as each charge is supported by separate conduct. After the appellant completed the acts necessary to support the charges of Assault and of Running a Roadblock, he struck another police car causing the driver to lose control, and struggled with officers after they succeeded in stopping him. These separate acts are sufficient to support his conviction of Resisting Arrest. We find this assignment of error to be meritless.

Finally, the appellant argues that the trial court abused its discretion in ordering that his sentences be served consecutively. We have previously held that the decision to run sentences consecutively or concurrently rests in the sound discretion of the trial court. *Lloyd v. State*, 654 P.2d 645 (Okl.Cr.1982). As with other decisions left to the trial court's discretion, we will not interfere with that decision unless an abuse of discretion can be shown. *See Bookman v. State*, 661 P.2d 909 (Okl.Cr. 1983). The trial judge stated during sentencing that the appellant had endangered the lives of the police officers who were attempting to apprehend him, and his own life as well. Based primarily on that consideration, he chose to order that the sentences run consecutively. We do not find an abuse of discretion in his decision.

The judgments and sentences are AFFIRMED.

PARKS, P.J., and BRETT, J., concur in result.