Lawrence Lewis
**HUMPHREYS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–85–133.**

Court of Criminal Appeals of Oklahoma.

June 10, 1987.

Rehearing Denied July 1, 1987.

Lawrence Lewis Humphreys, pro se.

Michael C. Turpen, Atty. Gen., and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Lawrence Lewis Humphreys, was tried by jury and convicted of: (1) Operation of a Motor Vehicle While License Suspended, Second and Subsequent Offense; (2) Possession of a Suspended Driver's License; (3) Transportation of Beer in an Open Container; (4) Failure to Maintain Security; and (5) Failure to Display Current Tag in the District Court of Stephens County, Case No. CRF–84–423. The jury returned verdicts of guilty on all five counts and set punishment respectively at: (1) thirty (30) days in county jail and a $250 fine; (2) a $200 fine; (3) a $50 fine; (4) a $250 fine; and (5) a $100 fine. Judgment and sentence were imposed in accordance with the jury's verdict. The appellant appeared in propria persona at trial and files his appeal pro se. We affirm.

The only assignment of error raised on appeal is one of jurisdiction. The appellant filed a thirty-one page brief in his own behalf. Reduced to its essence, the appeal asserts that the appellant has a constitutional right to travel upon the public roads; that use of a motor vehicle for the purpose of commerce or profit is a privilege which may be regulated by the State; use of a motor vehicle for one's own personal business or pleasure is a right which may not be regulated by the State and no license is required for the exercise of this right; and since the appellant was tried and arrested in district court for exercising his constitutional right to travel, the district court has no jurisdiction over him.

The facts, briefly stated, are on February 5, 1984, the Department of Public Safety, in accordance with 47 O.S.1981, § 6–206, suspended the appellant's privilege to drive a motor vehicle for three months as a result of his having ten speeding convictions within two years. The appellant had a right of review in the district court of his suspension, including the right of appeal to the Oklahoma Supreme Court, under 47

O.S.1981, § 6–211. The appellant failed to exercise his right of review.

The appellant was subsequently arrested and pled guilty on April 24, 1984, to the charge of Driving While Driver's License Suspended, and paid a fine. The Department of Public Safety, pursuant to 47 O.S. 1981, § 6–303(d), extended the suspension of the appellant's license for an additional three months. No appeal was taken of this conviction or suspension.

On August 20, 1984, the appellant executed and had notarized the following statement, which reads in pertinent part:

> Since I am a private, natural person, without a franchise from any state and therefore do not need a drivers' (sic) license, I hereby cancel, revoke, rescind and otherwise render null and void for any and all purposes, any and all applications for a drivers' (sic) license and any and all licenses subsequently issued to me.
>
> NOTICE: Henceforth, I intend to operate my vehicle as a matter of right in the ordinary and usual course of my business and life.

Evidence at trial revealed this notification was mailed to the County Courthouse and was reproduced in the form of 21,000 flyers, which were distributed to the public.

On August 29, 1984, the appellant was observed by a Velma, Oklahoma, police officer driving a vehicle which had an American Flag substituted for the license plate. The appellant was stopped by the police officer. Responding to a radio call, a trooper for the Department of Public Safety arrived, and the appellant was arrested for driving with a suspended driver's license. Subsequent to his arrest, the appellant's vehicle was inventoried, at which time a suspended driver's license was found, as well as an open can of beer. The appellant did not have a verification of liability insurance form on his person or in the vehicle.

■ Concerning the issue of jurisdiction raised on appeal, 20 O.S.1981, § 91.1, invested a district court with jurisdiction to hear civil matters and proceedings for violation of state statutes. Title 20 O.S.Supp.

1982, § 123(A)(4) confers jurisdiction on a special judge to hear misdemeanor cases. The appellant was charged and convicted of five separate misdemeanor counts in violation of state statutes. We hold that all jurisdictional requirements were met and affirm the conviction.

■ Central to the appeal is the mistaken assertion that the appellant has an absolute right to operate a motor vehicle on the public roads and that the State may not regulate or license that activity. The authority for regulation of traffic over the highways is unquestionably a part of the police power of the State, and the State may impose reasonable restrictions and regulations over the use of the highways. *See Collins-Dietz-Morris Co. v. State Corporation Commission,* 154 Okl. 121, 7 P.2d 123, 130 (1931). The operation of a motor vehicle on a public highway "is not a natural, absolute right. . . ." *Robertson v. State ex rel. Lester,* 501 P.2d 1099, 1101 (Okla.1972). "[T]he Legislature, in the exercise of its right to regulate the use of highways and of the inherent police power of the state, has the power to regulate circumstances under which automobiles may be operated upon the highways of the state." *Brantley v. State,* 548 P.2d 675, 676 (Okl.Cr.1976). *See also Miller v. State,* 503 P.2d 886, 888 (Okl.Cr.1972). Safety regulations which require possession of a valid driver's license as a precondition to operating a motor vehicle impact the means of travel upon the public roads, not the right to travel. Furthermore, the United States Supreme Court has found that possession of a driver's license is an entitlement which may be revoked by the State, regardless of whether the entitlement is denominated a "right" or a "privilege," provided the revocation comports with procedural due process requirements of notice and a hearing. *See Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971). When a driver's license is suspended for repeated convictions of traffic laws, the State is not required to hold a full hearing before the license is suspended. Due process is served if the hearing is provided subsequent to the sus-

pension. *See Dixon v. Love,* 431 S.Ct. 105, 115, 97 S.Ct. 1723, 1729, 52 L.Ed.2d 172 (1977). The appellant was provided an opportunity under 47 O.S.1981, § 6–211 for a full evidentiary hearing, with the right of appeal to the Oklahoma Supreme Court, when his license was originally suspended. The appellant chose to ignore this forum and waived the right to appeal his license suspension. The State has done all it is required to do in providing procedural due process for the appellant.

Finding no merit to the appellant's assignment of error, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.