**Afton Lee GILLE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–85–524.**

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1987.

As Corrected Oct. 1, 1987.

---

Afton Lee Gille, pro se.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Judge:

Afton Lee Gille, appellant, was charged by information and tried by jury for the misdemeanors of Speeding [47 O.S.1981, § 11–801], Failure to Display Current Inspection Sticker [47 O.S.1981, § 851], and Resisting Arrest [21 O.S.1981, § 268], in Case No. CRM–85–587, in the District Court of Oklahoma County, the Honorable Bryan C. Dixon, Special Judge, presiding. The jury returned a verdict of guilty for all three counts and assessed punishment respectively at thirty (30) days confinement in the county jail and a $200.00 fine; thirty (30) days confinement in the county jail; and one (1) year confinement in the county jail and a $500.00 fine. Judgment and sentences were imposed in accordance with the jury's verdict. The court suspended the sentences of confinement in the county jail, except for thirty (30) days. The appellant appeared pro se at trial and on appeal. We affirm.

On February 9, 1985, the appellant was driving a 1976 Pontiac Firebird on a public street in the Village, a suburb of Oklahoma City, when a police officer clocked the appellant driving 35 m.p.h. in a posted 25 m.p.h. zone. The officer turned on his emergency lights and pursued the appellant. The officer noticed the appellant did not have a rear license plate and, once the appellant stopped four blocks later, that the appellant's car did not have a current safety inspection sticker.

When the officer asked to see the appellant's driver's license, appellant responded that the officer had no jurisdiction to stop him and demanded that the officer produce a warrant. The officer then arrested the appellant for speeding and other traffic violations and asked the appellant to step from his vehicle. The appellant refused to do so, locked his car doors, and handcuffed

himself to his steering wheel. The officer radioed for backup.

Two additional police officers arrived and the officers simultaneously tried to unlock the driver's door and the passenger's door by using "slim jims." The appellant, whose right wrist was handcuffed to his steering wheel, used one foot to hold down the passenger's door lock and his left hand to hold down the driver's door lock. The appellant also held a tape recorder in his left hand and continued to scream that the officers had no jurisdiction to arrest him, which he recorded. (This recording was played back to the jury by the appellant at trial.) Finally, the officer opened the passenger door and unlocked the handcuffs by using a universal key. The appellant struggled so hard he bent the handcuff key. It took all three police officers to remove the appellant from his car and subdue him. No one was injured in this incident, other than an abrasion the appellant received from his own handcuffs. The Village subsequently dismissed the traffic tickets and the State brought charges by information.

The appellant raises twenty-six assignments of error, thirteen of which are not supported by citation of relevant authority. In the absence of fundamental error, when an appellant fails to cite relevant authority to support a proposition of error, we will not search the books for him. Finding no fundamental error in these thirteen unsupported assignments of error, they are not properly before this Court and will not be considered. *Wolfenbarger v. State,* 710 P.2d 114, 116 (Okl.Cr.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986). Of the remaining thirteen assignments of error, we will consolidate them into four headings for the convenience of the Court: arrest, charge by information, trial and sentencing.

### I. Arrest

For his first assignment of error, the appellant asserts that his arrest was unlawful because the police officers failed to produce a warrant. We disagree. An officer who sees a traffic offense committed in his presence has the right to arrest the offender without a warrant. *Anderson v. State,* 444 P.2d 239, 240–41 (Okl.Cr. 1968), *cert. denied,* 393 U.S. 1017, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969). *See also* 22 O.S.Supp.1984, § 196, and 47 O.S.1981, § 16–114. Here, the Village police officer personally saw the appellant driving in excess of the posted speed limit, which was verified by radar, and saw that the appellant did not have a rear license plate or a safety inspection sticker, all of which are misdemeanors, before arresting the appellant. Thus, the officer was authorized to make a warrantless arrest.

The appellant further asserts that the arrest was unlawful because the officers failed to announce their authority and purpose when making a warrantless arrest, relying on 22 O.S.1981, § 199, and *Greene v. State,* 508 P.2d 1095 (Okl.Cr.1973). First, the appellant has failed to read Section 199 in its entirety, which provides: "When arresting a person without a warrant, the officer must inform him of his authority and the cause of the arrest, *except when he is in actual commission of a public offense,* or is pursued immediately after an escape." (Emphasis added) Here, the appellant was arrested while in the actual commission of a public offense. Second, *Greene* dealt with whether there was probable cause to make a warrantless arrest and with suppression of evidence seized as a search incident to a warrantless arrest. Here, the warrantless arrest was lawful because the public offenses were committed in the officer's presence. And the only evidence seized incident to the warrantless arrest which was introduced at trial, the tape recording, was introduced by the appellant, not by the State. This assignment of error is without merit.

### II. Charge by Information

For his second assignment of error, the appellant asserts that it was fundamental error for the State to charge him by information rather than by grand jury indictment, and that the information was fatally flawed because (1) it was not signed, (2) did not clearly and distinctly set forth the offenses committed, and (3) charged more than one offense. Under Article II, §§ 7,

17, of the Oklahoma Constitution, prosecution may be by indictment or by information as alternative methods, and a prosecution by information violates neither the Fourteenth or the Fifth Amendments of the United States Constitution. *Skinner v. Page,* 450 P.2d 222, 224 (Okl.Cr.1969). Furthermore, 22 O.S.1981, § 301 expressly provides that misdemeanors must be prosecuted by information. *Simmons v. State,* 725 P.2d 309, 311 (Okl.Cr.1986).

As to the claim that the information was defective because it was not signed, the appellant is in error. The original copy of the information filed with the court was, in fact, signed by the assistant district attorney who prosecuted this case. *See Thompson v. State,* 728 P.2d 859, 861 (Okl.Cr. 1986). *See also* 22 O.S.1981, § 303.

■ Next, the test for sufficiency of the information is two-pronged: (1) whether the appellant was in fact misled by the information, and (2) whether the conviction under the information would expose the appellant to the possibility of being put in jeopardy a second time for the same offense. *Wolfenbarger, supra* at 115; *Jefferson v. State,* 675 P.2d 443, 445 (Okl.Cr. 1984). The test for sufficiency of the information must be determined on the basis of practical rather than technical considerations. Hairsplitting is to be avoided. *Nealy v. State,* 636 P.2d 378, 380 (Okl.Cr.1981). The appellant has wholly failed to show either that he was in fact misled by the information so that he could not formulate an adequate defense or that his conviction under the information would possibly result in double jeopardy.

■ Lastly, two or more offenses arising from the same criminal act or transaction may be joined as separate counts in the same information. *Glass v. State,* 701 P.2d 765, 768 (Okl.Cr.1985). We find no error in charging the appellant with speeding, failure to display current inspection sticker, and resisting arrest as separate counts in the same information, because these separate offenses arose from the same act. This assignment of error is without merit.

### III. Trial

■ For his third assignment of error, the appellant asserts that the trial court erred by refusing to grant him a twelve person jury. Article II, § 19, of the Oklahoma Constitution provides for a six person jury in misdemeanor offenses, as does 22 O.S.1981, § 601. It is proper for a court to deny a request for a twelve person jury in a misdemeanor trial, and such denial does not violate the appellant's Sixth Amendment right under the United States Constitution. *Simmons, supra* at 311. This assignment of error is meritless.

■ The appellant next asserts that his right to counsel of choice was violated when the trial court refused to permit his brother, a non-attorney, to represent him. The accused's right to counsel of his own choice does not extend to include counsel not licensed to practice law. *Wilson v. State,* 737 P.2d 578, 579–80 (Okl.Cr.1987).

The trial court appointed a public defender to advise the appellant, but he insisted that his brother be permitted to represent him or he would proceed pro se. The trial court properly refused to allow the appellant's brother to represent him, and the appellant fired his court appointed attorney. In reviewing the trial transcript, we find that all the requirements for a knowing and intelligent waiver of right to counsel were met as established in *Coleman v. State,* 617 P.2d 243, 245–46 (Okl.Cr.1980). The appellant made his decision to appear pro se "with his eyes open." This assignment of error is without merit.

■ For his fifth assignment of error, the appellant asserts that the State failed to prove all the elements necessary to sustain a conviction for speeding. The appellant claims that culpable negligence is an element of the offense of speeding, and because the State failed to prove culpable negligence, the State failed to meet its burden of proof. This claim is patently frivolous. The State is not required to prove culpable negligence when charging an accused with driving a vehicle in excess of the posted speed limit, which is a public offense and constitutes a misdemeanor.

*Thompson v. State,* 453 P.2d 314, 317 (Okl. Cr.1969). The State proved beyond a reasonable doubt that the appellant was (1) driving, (2) a motor vehicle, (3) in excess of the posted speed limit. This assignment of error is without merit.

For his sixth assignment of error, the appellant asserts that the State failed to prove his vehicle was required to have a safety inspection sticker. Again, this argument is patently frivolous. Title 47 O.S. 1981, § 851, requires *any* motor vehicle to bear a current inspection sticker. Furthermore, we have previously found 47 O.S. 1981, § 851, to be a constitutional exercise of the police power of the State to regulate circumstances under which automobiles may be operated upon the highways and streets of the state. *Miller v. State,* 503 P.2d 886 (Okl.Cr.1972). *See also Humphreys v. State,* 738 P.2d 188 (Okl.Cr.1987) (The State may impose reasonable restrictions and regulations over the use of the highways.) This assignment of error is without merit.

■ For his seventh assignment of error, the appellant asserts that he could not be convicted of resisting arrest because no one can be convicted of resisting an unlawful arrest and because he did not forcibly resist arrest. First, we found earlier in this opinion that the appellant was lawfully arrested. Second, the evidence introduced by the State clearly shows resistence when the appellant handcuffed himself to the steering wheel, locked his doors to prevent his arrest, struggled hard enough with the arresting officer to bend the handcuff key, and it took all three officers to remove the appellant from his car and subdue him. We find that sufficient evidence was introduced by the State to prove a prima facie case of resisting arrest under 21 O.S.1981, § 268. *Reams v. State,* 551 P.2d 1168, 1170 (Okl.Cr.1976). *See also Custer v. State,* 727 P.2d 973, 975 (Okl.Cr.1986). This assignment of error is without merit.

## IV. Sentencing

■ For his final assignment of error, the appellant asserts that the punishment was excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. First, the sentences imposed by the jury were well within the statutory limits. Second, the trial judge suspended the aggregate sentence of fourteen (14) months in the county jail to thirty (30) days, and allowed the appellant to serve the thirty (30) days, less credit for three (3) days served while awaiting bail, in trustee status, which gave the appellant two (2) days credit for every day served. Finally, we cannot say that the sentence imposed shocks the conscience of the Court. *Bolton v. State,* 665 P.2d 854, 855 (Okl.Cr. 1983). This assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgments and sentences of the trial court are AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.