**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH D. HILL,

        Plaintiff-Appellant,

v.

CITY OF OKLAHOMA CITY;
KENNETH JORDAN; STACEY
DAVIS, WILLIAM CITTY,

        Defendants-Appellees.

No. 11-6088
(D.C. No. 5:10-CV-00715-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Kenneth D. Hill appeals pro se from the district court's dismissal of his civil-rights claims against the City of Oklahoma City (City), Kenneth Jordan, Stacey Davis, and William Citty under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Hill alleged in his complaint that he was arrested and jailed on May 25, 2010. While still in jail, he entered no-contest pleas in two cases on June 16, 2010. In case number 098160983, he was sentenced to two days in jail and ordered to pay a fine of $1,298. In case number 097627730, he was ordered to pay a fine of $1,641. In each case, Mr. Hill had the option "to serve out such fine as provided by law." R. at 15-16. As defendants explain in their brief, under Oklahoma law, if a person convicted of an ordinance violation and sentenced to pay a fine is financially able to pay the fine but refuses or neglects to do so, the court has discretion to imprison that person for one day for each $25.00 of the fine assessed. *See* Okla. Stat. tit. 11, § 28-124. An order of the Municipal Court for the City of Oklahoma City raised the per-day credit for time spent sitting in jail to $75 per day. *See* R. at 48.

Because both of Mr. Hill's sentences were imposed at the same time, he claimed that he was to serve out his fines concurrently. Thus, at a rate of $75 per day, *per case*, he alleged that he should have been released on June 16, having served enough time after his arrest on May 25 to receive full credit for his larger fine amount of $1,641. Instead, he was scheduled for release on July 5, 2010.[1] Mr. Hill claimed that defendants violated his Fourth, Fifth, and Eighth

---

[1] Defendants maintain that Mr. Hill's correct release date was July 5, 2010, because his total fine amount was $2,939, which required him to serve thirty-nine days at a rate of $75 per day. In addition, his two-day jail sentence in case number 098160983 increased his jail time to a total of forty-one days.

Amendment rights and subjected him to double jeopardy by holding him in jail beyond June 16.

Defendants moved to dismiss Mr. Hill's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. A magistrate judge issued a report and recommendation to dismiss all of his claims with prejudice. Regarding his claims against the City, the magistrate judge concluded that he failed to allege an official municipal policy that was the moving force behind the alleged constitutional violations. *See Beedle v. Wilson*, 422 F.3d 1059, 1067-68 (10th Cir. 2005). The magistrate recommended dismissal of his official-capacity claims against the individual defendants on the same basis. In recommending dismissal of his individual-capacity claims against the individual defendants, the magistrate judge determined that Mr. Hill failed to allege that any of them were personally involved in his allegedly unconstitutional detention, and his allegations of supervisory liability were insufficient to state a claim. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Finally, the magistrate judge recommended dismissal of Mr. Hill's claims with prejudice, concluding it would be futile to allow him leave to amend his complaint because, as a matter of law, his sentences were not imposed to be served concurrently.

Mr. Hill objected to the magistrate judge's report and recommendation, and the district court therefore considered the matter de novo. The court adopted the

report and recommendation in its entirety and entered judgment dismissing his action with prejudice.

We review de novo a district court's dismissal of a claim under Rule 12(b)(6). *See Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). The court's function is "to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quotation omitted). In doing so, we accept all well-pleaded allegations as true and construe them in the light most favorable to Mr. Hill. *See id.* And because Mr. Hill is proceeding pro se, we liberally construe both his complaint and his arguments on appeal. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (recognizing pro se litigant's pleadings are "held to a less stringent standard"); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998) (liberally construing pro se appellate brief). Our broad reading of his complaint, however, does not relieve Mr. Hill of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. To avoid dismissal, his complaint must contain enough facts to state a claim for relief that is "plausible on its face." *Peterson*, 594 F.3d at 727 (quotation omitted).

> In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.

*Beedle*, 422 F.3d at 1064 (quotation and brackets omitted). Mr. Hill does not address in his appeal brief the district court's legal bases for dismissing his claims against the City or the individual defendants. Instead, he continues to maintain that he was entitled to release on June 16, 2010, after spending a sufficient number of days in jail to serve out both of his fines. Construing his pro se argument liberally, it appears he is challenging the court's determination that leave to amend would be futile.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[o]ur case law establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quotations omitted). "If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice." *Brereton*, 434 F.3d at 1219.

We generally review a district court's denial of leave to amend for an abuse of discretion. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). But where, as here, the "denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (quotation omitted).

-5-

Mr. Hill alleged in his complaint that, for each day he served in jail beginning on May 25, 2010, he should have been credited $75 against each of the fines imposed in his two cases. The gist of his claim is that his sentences were imposed to be served concurrently. But the district court held, as a matter of law, that his sentences were imposed to be served consecutively. Recognizing that Oklahoma courts have discretion to enter concurrent sentences, *see* Okla. Stat. tit. 29, § 976, the district court held that, under Oklahoma law, sentences that are imposed on the same day for separate offenses are served consecutively unless otherwise specified in the judgment, *see Beck v. State*, 478 P.2d 1011, 1012 (Okla. Crim. App. 1970). The district court reviewed the allegations in Mr. Hill's complaint, including the state-court orders imposing the sentences and fines in his two cases, which he attached to his complaint. The court concluded that his sentences were imposed to be served consecutively because neither state-court order stated that his sentences were to be served concurrently. *See* R. at 15-16. The court held, therefore, that Mr. Hill could not amend his complaint to allege a constitutional violation because the allegations of his complaint showed that he had served his sentences as ordered by the state court. We find no error in the district court's analysis and conclusion.

The judgment of the district court is AFFIRMED.  Mr. Hill's application to proceed in forma pauperis on appeal is DENIED and he is ordered to immediately remit the full filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge