**Troy Walter BECK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15301.   (Consolidated with Nos. A–15298, A–15299 and A–15300.)**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1970.

Waldo E. Jones, Sr., Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge:

The plaintiff in error, Troy Walter Beck, hereinafter referred to as "Defendant," was charged by separate informations in the Municipal Criminal Court of the City of Tulsa with four violations of 47 O.S.Supp.1968, § 6–303, Operating A Motor Vehicle While The License Is Cancelled, Suspended or Revoked, Second and Subsequent Offenses.

The informations in part alleged that, on July 5, July 8, September 13, and November 14, 1968, the Defendant willfully and unlawfully drove motor vehicles in the City of Tulsa, during which time the operator's license of Defendant was revoked and suspended. March 26, 1968, Defendant was convicted of the same offense.

The Defendant waived trial by jury in each case, and on December 19, 1968, pleaded guilty to the July and September offenses. On January 6, 1969, Defendant plead guilty to the November 14, 1968, offense.

On January 10, 1969, the Municipal Criminal Court passed judgment and sentence upon the Defendant, assessing his punishment at a fine of one hundred dollars ($100) and costs in each case, and in one case confinement in the city jail for a period of thirty (30) days, and in the other three cases confinement in the county jail for a period of thirty (30) days. Defendant appeals each of those convictions. Each appeal was filed separately and was assigned separate case numbers, but on December 10, 1970, by Court Order the appeals numbered: A–15298, A–15299, A–15300 and A–15301 were consolidated under appeal number A–15,301 and are so treated in this opinion.

Defendant's sole contention is that the punishment imposed is excessive, but this argument is without merit. Title 47 O.S. Supp.1968, § 6–303, became effective April 15, 1968, nearly two (2) months prior to the first of the alleged offenses. That section provides in pertinent part as follows:

"(b) Any person who drives a motor vehicle on any public highway of this State at a time when his privilege to do so is cancelled, denied, suspended or revoked shall be guilty of a misdemeanor and upon conviction shall be punished on first offense by a fine of not less than Fifty Dollars ($50.00) nor more than Two Hundred Dollars ($200.00), and for a second or subsequent offense or offenses by a fine of not less than One Hundred Dollars ($100.00) and not more than Five Hundred Dollars ($500.00), and by imprisonment of not less than thirty (30) days nor more than twelve (12) months. Each act of driving on the highways as prohibited shall constitute a separate offense."

■ From the record before this Court, we draw the conclusion that defendant considers the punishment assessed to be excessive because defendant is suffering from tuberculosis, as reflected by a letter from the Veteran's Administration in Muskogee, Oklahoma, stating defendant's 100 percent service-connected disability is premised on a condition of active tuberculosis; and a letter from Dr. Charles Bate of Tulsa, Oklahoma which states the same condition but provides further, that Defendant " * * * should not be confined with other people. * * *" Even though Defendant does suffer from tuberculosis, that condition standing alone is not sufficient to cause the punishment assessed him to be excessive, under the statute.

■ All four judgments and sentences were imposed on the same date, to-wit: January 10, 1969, and did not provide for concurrent execution.

In Ex Parte Whiteaker, 88 Okl.Cr. 258, 202 P.2d 427 (1949), it was held:

Where defendant was convicted of robbery with firearms and of robbery with a dangerous weapon without any order having been entered that the sentences in the two cases should run concurrently, the sentences ran consecutively.

We therefore conclude that the four sentences imposed in the Municipal Criminal Court of the City of Tulsa case, cases numbered: 86571–A, 86676–A, 89678–A and 92848 must be served consecutively.

In view of the unique circumstances of Defendant's situation we commend to defense counsel the provisions of 22 O.S. Supp.1965, § 994, which provides discretionary authority for the trial court to sus-

pend sentences of confinement, within ten (10) days of the final date the order of this Court is rendered.

Judgments and Sentences affirmed.

NIX, J., concurs.

BUSSEY, J., not participating.