**David Lee DOYLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–688.**

Court of Criminal Appeals of Oklahoma.

April 27, 1978.

Charles E. Wadsack, Norman, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, David Lee Doyle, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRF–77–49, for the offense of Kidnapping to Extort Money in violation of 21 O.S.1971, § 745. His punishment was fixed at ten (10) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial J. N. testified that on the evening of February 7, 1977, she attended a movie at the Boomer Theatre in Norman, Oklahoma. She left the theatre at approximately 11:00 p. m. and walked toward her car which was parked across the street. A man, whom J. N. identified in court as the defendant, came up behind her holding a knife and demanded her car keys. He then ordered her to get into the car. The defendant followed the witness into the car, directed her to lock the door, and drove the car through Norman south on Interstate 35. He asked her how old she was and whether she had any money. She had eighty-six dollars in her billfold, which she dropped behind the seat. The defendant stopped at a scenic turnoff at Turner Falls and ordered J. N. to get into the back seat and to remove her clothing. He then got into the back seat with her and raped her. Again he questioned her about money; he searched the car and found her billfold in the back seat. The defendant drove to Dallas, Texas, and stopped in the parking lot of a Ramada Inn Motel. He told J. N. if she would not call the police he would return half her money. He gave her thirty-six dollars, got out of the car and disap-

peared into the shadows. The witness drove to a nearby bus station and reported the incident to a police officer.

Sergeant Graham H. Pierce testified he was employed as a police officer with the Dallas, Texas, Police Department; and that on February 8, 1977, at approximately 4:00 p. m., J. N. contacted him at the bus station. While she was telling him about the incident, the defendant entered the bus station, and J. N. pointed at him. Officer Pierce identified State's Exhibit 1–B as the knife he took from the defendant.

Officer Johnny E. Gibson, also of the Dallas, Texas, Police Department, testified that he took the defendant "downtown" from the bus station. He identified State's Exhibits 1–C and 1–D as twenty-dollar bills which he took from the defendant's left coat pocket. He also received the defendant's knife from Officer Pierce, and marked it for identification.

Officer Hartley Price, the Property Custody Officer of the Norman Police Department, then testified to the chain of custody of State's Exhibit 1, an envelope containing the knife and two twenty-dollar bills.

Sergeant Robert L. Harmon, of the Norman Police Department, testified that he went to the police station in Dallas, Texas, on February 10, 1977, and that there he questioned the defendant about the kidnapping, robbery and rape of J. N. He advised the defendant of his *Miranda* rights, and the defendant acknowledged that he understood them. Although he first denied knowing anything about the incident, the defendant later gave a written statement in which he admitted kidnapping J. N. The officer was also present on February 11, 1977, when the defendant gave another written statement to Agent Patty Vaught of the Oklahoma State Bureau of Investigation. He brought the envelope containing the knife and the twenty-dollar bills from Dallas to the Norman Police Department.

The defendant testified that on the evening of February 7, 1977, he wanted to return to the Roloff Evangelistic Enterprises in Corpus Christi, Texas, which he had left without permission. He approached J.

N., informed her he had a knife and directed her to get into the car. He said that his original intention was only to take her car, but that he was afraid she would notify the police and he would not make it out of town. He asked her for money because he knew that he did not have enough gas to get to Corpus Christi. He found the money in the back seat of the car and put it in his coveralls. But when they got to Dallas he became sorry for her. He returned thirty-seven dollars and her car in the parking lot of the Ramada Inn.

 The defendant asserts in his first assignment of error that the trial court erred in admitting evidence of another crime. He contends that the evidence of the rape was of such an inflammatory nature as to prejudice the jury, citing as authority *Hawkins v. State*, Okl.Cr., 419 P.2d 281 (1966), wherein this Court recognized the well-established rule concerning other crimes:

" . . . that when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible."

Although this general rule is a correct statement of the law, this Court has heretofore recognized certain limited exceptions. We are of the opinion that the evidence of the rape falls within an exception to the general rule as being a part of the res gestae. The defendant was charged with the offense of Kidnapping to Extort Money. The evidence established that J. N. told the defendant that she did not have any money and hid her billfold behind the seat of the vehicle, and that the defendant did not find the money until after the rape, while he was in the back seat with J. N. The evidence of the rape was thus so interwoven with the nature of the kidnapping as to form a part of an integral transaction. In dealing with a similar assignment of error in ·*Kupiec v. State*, Okl.Cr., 493 P.2d 444 (1972) we stated:

" . . . The first proposition asserts that the trial court erred in allowing evidence of rape in the armed robbery case, and the armed robbery evidence in the rape case. We are of the opinion that the evidence of the other crime in both cases was properly admitted, and the same was part of the res gestae. We further observe that the same would be admissible under the exception to the general rule, that when a defendant is put on trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial, is inadmissible."

See also *Futerll v. State,* Okl.Cr., 501 P.2d 901 (1972) and *Edmondson v. State,* Okl.Cr., 527 P.2d 190 (1974). This assignment of error is without merit.

 In his second and third assignments of error the defendant argues that the trial court erred in failing to give the State's requested Instruction No. 3 and in giving it's Instruction No. 4. We need only observe that both assignments of error are improperly before this Court in that the record does not reflect that the defendant presented requested written instructions to the trial court. In *Webb v. State,* Okl.Cr., 520 P.2d 825 (1974), we stated:

" . . . This Court also feels that since there was no fundamental error in giving instruction # 3A, as discussed above, [the] defendant has not preserved his right to object to that instruction on appeal. As the State accurately points out in its brief, this Court has repeatedly held that defense counsel should present requested instructions to the trial court if dissatisfied with the instructions that are given. *Delaney v. State,* Okl.Cr., 507 P.2d 564 (1973); *Schapansky v. State,* Okl.Cr., 478 P.2d 912 (1971). In absence of such a requested instruction, and in absence of fundamental error, this Court will not reverse if the instructions generally cover the subject matter of the inquiry. Here, instead of submitting a requested instruction, defense counsel merely excepted to each and every in-struction of the trial court. This, plus the fact that the instruction was not fundamentally erroneous, is sufficient reason for us to dispense without further discussion of the defendant's objection to instruction # 3A."

We have carefully examined the instructions in the instant case and find that considered as a whole they fairly and accurately state the law applicable to the subject matter of the inquiry. These assignments of error are also without merit.

 Finally the defendant argues that the trial court erred in refusing to consider granting a suspended sentence on the sole ground that the jury had recommended imprisonment. However, this argument is not supported by the record. The defendant correctly cites *Gillespie v. State,* Okl.Cr., 355 P.2d 451 (1960) and *Jones v. State,* Okl.Cr., 557 P.2d 447 (1976) for the proposition that it is error for a trial court to refuse to consider granting a suspended sentence solely because an accused had requested a jury trial instead of a trial to the court. But the instant case does not fall within that rule. The trial court acknowledged that he had the lawful authority to suspend the sentence imposed by the jury, but said that " . . . this isn't one of those cases. I feel obliged to follow the recommendation of the jury in this case, . . . " The presentence investigation report, which was made a part of the record, also recommended that probation not be granted.

In conclusion we observe that the evidence of the defendant's guilt is overwhelming and that the defendant received the minimum sentence allowed. Under such circumstances, we are of the opinion that the judgment and sentence should be, and the same hereby is *AFFIRMED.*

CORNISH, J., dissents.

BRETT, J., specially concurs.

BRETT, Judge, special concurring:

I concur in the results reached in this decision because the defendant admitted in

his own testimony that he kidnapped the complaining witness. However with reference to the testimony relating the rape, insofar as this Court treated that offense as being part of the res gestae, I believe a subsequent trial for that offense should be precluded by former jeopardy.