William Euel RILEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–96–466.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1997.

Rehearing Denied Dec. 10, 1997.

Creekmore Wallace, Sapulpa, for Defendant at trial.

Stuart W. Southerland, Tulsa, for Appellant on appeal.

John E. Priddy, Assistant District Attorney, Tulsa, for the State.

W.A. Drew Edmondson, Attorney General, Sandra D. Howard, Chief, Criminal Appeals, Oklahoma City, For Appellee.

### *OPINION*

JOHNSON, Judge.

William Euel Riley, hereinafter referred to as Appellant, was tried by jury for two counts of Rape in the First Degree in violation of 21 O.S.1991, § 1114, two counts of Forcible Sodomy in violation of 21 O.S.1991, § 888, and one count of Indecent Proposal to a Minor Child in violation of 21 O.S.1991, § 1123 in Case No. CRF–95–1440 in the District Court of Tulsa County before the Honorable B.R. Beasley, Associate District Judge. The jury found Appellant guilty of two counts of Lewd Molestation in violation of 21 O.S.1991, § 1123 and one count of Forcible Sodomy. The jury recommended a sentence of ten (10) years imprisonment for each count. The trial court sentenced Appellant in accordance with the jury's recommendation and ordered the sentences to run consecutively. From this Judgment and Sentence, Appellant has perfected his appeal to this court.

It is undisputed that on the night of March 4, 1995, A.D. and J.D. spent the night at their paternal grandmother's residence with Appellant.[1] A.D. was five-years-old and J.D.

---

1. At the time, Appellant was staying with the victim's paternal grandmother, who was out of town on the night in question.

was three-years-old at the time. Both girls went to church with Appellant the next morning, but upon returning home J.D. told her father that Appellant had kissed A.D. A.D. subsequently told her mother what had occurred the previous night with Appellant. Joe and Michelle Dunn, the girls' parents, called the police and filed a report. Three days later, March 7, 1995, A.D. was examined by Dr. Nancy Inhofe. Dr. Inhofe noted mild gaping of the anus and missing tissue from the hymen area. A.D. also told Dr. Inhofe that Appellant kissed her on her "pee pee" and butt and that Appellant wiggled his "pee pee" up and down on her butt. Other facts will be revealed as they become relevant to specific propositions of error.

■ Appellant raises eight propositions of error. In his first proposition of error, Appellant contends that the Information failed to apprise him of the nature of the charges against him, thus exposing him to being held in jeopardy twice for the same offense. He asserts that while Counts I and II set forth all the elements of a rape charge, there were no facts to inform him how he allegedly committed two acts of rape, thereby denying him due process.

■ In *Parker v. State*, 917 P.2d 980 (Okl. Cr.1996), *cert. denied*, — U.S. —, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997), this Court addressed the due process requirements of an Information. We said, "[t]he Information should enable a person of common understanding to know against what charge they must be prepared to defend." *Id.* at 985. "Where the Information alleges an offense and pleads particular facts constituting the offense in ordinary language, such that a person of common understanding can know what is intended and prepare a defense to the charge, no due process violation occurs." *Id.* at 986. In order to determine whether due process requirements are satisfied, this Court will look to all materials made available to a defendant through discovery and at the preliminary hearing, not just the Information.

A review of the preliminary hearing transcript reveals that A.D. testified that Appellant's "private" was going up and down, that it hurt at the front and back, that Appellant's

private was up against her butt, and that his "pee pee" was up against her "pee pee." The record also reveals that Appellant had a copy of Dr. Inhofe's report which noted there was injury to the vaginal and anal areas. Therefore, Appellant was sufficiently apprised of the two separate acts of rape against which he was to defend at trial. This proposition of error is denied.

■ In his second proposition of error, Appellant contends the evidence was insufficient to warrant a conviction for forcible sodomy because penetration was not proved as required under 21 O.S.1991, § 887. Appellant relies on *Salyers v. State*, 755 P.2d 97, 100 (Okl.Cr.1988), where this Court held that penetration, however slight, is an essential element of oral sodomy.

This Court has long held that the standard of review for determining whether evidence is sufficient to sustain a conviction is whether, taking the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Davenport v. State*, 806 P.2d 655, 657 (Okl.Cr. 1991); *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985). At trial, A.D. used anatomically correct dolls to show how Appellant touched her private parts with his mouth. Dr. Inhofe's medical report noted that the victim said Appellant kissed her on her "pee pee." Dr. Inhofe also testified that A.D. told her Appellant pulled her panties down and licked her "pee pee." We find there was sufficient evidence from which a rational juror could find penetration. This proposition of error is also denied.

■ Appellant claims in his third proposition of error that the trial court erred in not granting a mistrial when the State elicited from Joe Dunn, the victim's father, improper hearsay testimony that his mother had told him she had talked to Appellant and she believed the children. The court sustained defense counsel's objection and admonished the jury to disregard the answer. However, Appellant argues that the statement, which he claims amounted to an evidentiary harpoon, was so prejudicial that the admonishment could not cure the error, thus denying

him the right to a fair trial as well as due process.

First, the statement was not an evidentiary harpoon. "An evidentiary harpoon is improper testimony by an experienced officer who voluntarily and not in response to a question willfully interjects information regarding other crimes intending to prejudice a defendant, where the statement does prejudice the defendant." *Rogers v. State*, 890 P.2d 959, 972 (Okl. Cr.), *cert. denied*, — U.S. —, 116 S.Ct. 312, 133 L.Ed.2d 215 (1995). Here, Mr. Dunn was not an experienced police officer and did not voluntarily and willfully make a statement which was not in response to the State's question. Mr. Dunn was merely explaining an earlier answer he had given in response to defense counsel's question on cross-examination [that his mother told him she did not want to testify because of a conflict between relations]. On redirect, the prosecution questioned Mr. Dunn about the conflict, thereby eliciting the complained of response.

Second, a trial court's admonition to the jury to disregard a witness' statements usually cures any error that does not appear to have determined the verdict. *Al–Mosawi v. State*, 929 P.2d 270, 284 (Okl.Cr.1996); *Rogers*, 890 P.2d at 972. Mr. Dunn's statement does not appear to have determined the jury's verdict in this case. The record reveals other evidence from which the jury could have found a guilty verdict, including A.D.'s testimony and Dr. Inhofe's testimony and medical report. Accordingly, this proposition of error is denied.

In his fourth proposition of error, Appellant contends that testimony at the preliminary hearing was not sufficient to bind him over for trial on the rape charges because penetration, an essential element of rape, was not proved during the preliminary hearing. The record reveals that by stipulation, Dr. Inholfe would testify as set forth in her report which was admitted into evidence and is a part of the record on appeal as was allowed by supplementation.

Dr. Inholfe's report sets forth physical evidence she found and states, "clear consistent history of oral-penile, oral-genital and penile-gu/anal contact. Painful (-) bleeding;" "hymenal tissue thin rim, v-shape notch at 6 o'clock suspicious for penetrating trauma;" and "mild gaping of the anus." We believe these findings as well as the testimony of A.D. [See Proposition I] constituted sufficient evidence of penetration for the preliminary hearing judge to determine: (1) whether a crime was committed [rape], and (2) whether there is probable cause to believe the defendant committed the crime. *See* 22 O.S.1991, § 258. We find no merit in this proposition of error.

In his fifth proposition of error, Appellant contends that he should have been convicted of only one count of lewd molestation because the alleged acts occurred at the same time. We do not agree. The evidence shows that Appellant put his penis in A.D.'s vagina and her anus. These two separate acts constituted two separate crimes requiring the State to prove the essential elements of each. *Cf. Doyle v. State*, 785 P.2d 317, 324 (Okl.Cr.1989). This proposition of error is denied.

Appellant contends in his sixth proposition of error that lewd molestation is not a lesser included offense of rape, and therefore, the trial court erred in so instructing the jury. As pointed out by both parties, this Court has not had the opportunity to address the issue of whether lewd molestation is a lesser included offense of rape. Appellant correctly points out that the crime of rape does not require the victim be under the age of sixteen while the crime of lewd molestation does. Appellant concludes that since it is not impossible to commit rape without also committing lewd molestation, the latter is not a lesser included offense of the former. While this is true, it is also true that since it is possible to commit rape [where the victim is under sixteen (16) years of age] and at the same time commit lewd molestation [where the victim is under sixteen (16) years of age], then lewd molestation is a lesser included offense of rape in that instance. Stated differently, it is impossible to commit rape, as defined by 21 O.S.1991,

§ 1114 A(1),[2] without having first committed lewd molestation. *See* 22 O.S.1991, § 916.[3]

Under the facts of this case, all the essential elements of lewd molestation were included in the rape charge. A.D. was under the age of sixteen. Appellant lewdly or lasciviously looked upon, touched, mauled, or felt the private parts of A.D.; said acts were against public decency and morality, as defined by law; and said acts were committed in both an indecent manner and a manner relating to sexual matters or sexual interest. In this case, penetration was the only element contained in the rape charge that was not an element of lewd molestation. Accordingly, under the facts of this case and any case where the victim is under sixteen (16) years of age, lewd molestation is a lesser included offense of rape. Therefore, the trial court did not err in instructing the jury on the offense of lewd molestation.

In his seventh proposition of error, Appellant argues that A.D.'s testimony should have required corroboration because her testimony was inherently improbable, inconsistent and contradictory. Anticipating that it may be determined that Dr. Inholfe's testimony and report sufficiently corroborated A.D.'s testimony, Appellant points out that, "for whatever purpose Dr. Inholfe's testimony may have intended to serve, the jury discounted her testimony in that they acquitted William Riley of the Rape charges." Appellant further argues that the proper corroboration would have been the testimony of J.D., but her testimony was not offered.

We find no basis nor does Appellant offer any basis for his contention that because the jury acquitted him of the rape charges, they, in effect, discounted **all** of Dr. Inholfe's testimony. Additionally, Appellant has failed to support his bald contention by citation to any relevant authority. In the absence of fundamental error, we will not search the books for him. *Gille v. State,* 743

P.2d 654, 656 (Okl.Cr.1987). Finding no fundamental error, this proposition of error is denied.

Appellant, in his final proposition of error, complains that he was not considered for concurrent or suspended sentences because he asserted his right to trial by jury. Appellant suggests it may be necessary to remand this matter to the trial court in order to establish the existence of the "unwritten law," "recognized by itself [the Honorable Judge B.R. Beasley] and the bench culture of Tulsa County," that if a criminal defendant asserts his or her right to a trial by jury in Tulsa County, one's right to be considered for concurrent or suspended sentences "goes out the door." [4]

Appellant relies on *Doyle v. State,* 578 P.2d 366, 369 (Okl.Cr.1978), *citing Gillespie v. State,* 355 P.2d 451 (Okl.Cr.1960) and *Jones v. State,* 557 P.2d 447 (Okl.Cr.1976), where we held it is error for a trial court to refuse to consider granting a suspended sentence solely because an accused had requested a jury trial instead of a trial to the court. Appellant, recognizing that this case does not fall within that rule, submits the same rule should be applied where a trial court refuses to consider a defendant for concurrent sentences when a defendant requests a jury trial rather than enter into a plea agreement.

Appellant recognizes there is no absolute constitutional or statutory right to receive concurrent or suspended sentences and that the determination of consecutive or concurrent sentences is left to the sound discretion of the trial court. 22 O.S.1991, § 976; *Harris v. State,* 772 P.2d 1329, 1331 (Okl.Cr. 1989). However, Appellant contends that the trial court's application of the alleged unwritten rule constituted an abuse of discretion. Appellant relies on *Harvey v. State,* 458 P.2d 336, 338 (Okl.Cr.1969), where this Court defined abuse of discretion, as follows: "[a]buse of discretion by a trial court is any unreason-

---

**2.** 21 O.S.1991, § 1114 A(1) provides: "A. Rape in the first degree shall include: 1. Rape committed by a person over eighteen (18) years of age upon a person under fourteen (14) years of age; ..."

**3.** 22 O.S.1991, § 916 provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

**4.** Appellee wholly fails to address this issue.

able, unconscionable and arbitrary action taken without proper consideration of the facts and law pertaining to the matter submitted."

First, Appellant has presented no proof nor does the record in this case show that the alleged "unwritten law" is in fact the established practice in Tulsa County. *See Cavaness v. State,* 581 P.2d 475, 482 (Okl.Cr. 1978), *cert. denied,* 439 U.S. 1117, 99 S.Ct. 1024, 59 L.Ed.2d 76 (1979). Second, while the trial judge offers no factors used in making his decision to impose consecutive sentences, unless proven otherwise, we will presume his decision was in compliance with the law and without passion or prejudice. Accordingly, this proposition is denied.

Finding no error requiring modification or reversal, we **AFFIRM** the judgments and sentences of the trial court.

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concur in results:

I concur ·in the results reached by the Court in this case and agree that under the facts of this case, lewd molestation is a lesser included offense of rape. However, whether or not the evidence supports a lesser included offense is based on the facts presented in each case. As a result, I cannot join in the carte blanche statement that in "any case where the victim is under sixteen years of age" lewd molestation is a lesser included offense of rape.

In his argument that he should have been considered for a concurrent sentence, the Appellant disregards the simple fact that by operation of law, sentences are to be served consecutively. *See Beck v. State,* 478 P.2d 1011, 1012 (Okl.Cr.1970) (When a judgment and sentence is imposed in one or more cases on the same date for separate offenses and the judgment does not specify that sentences shall run concurrently, sentences must be served consecutively); *Ex parte Griffen,* 91 Okl.Cr. 132, 135, 216 P.2d 597, 599, *cert. denied,* 340 U.S. 835, 71 S.Ct. 17, 95 L.Ed. 613 (1950) (A sentence in the penitentiary on a second or subsequent conviction of a person convicted of two or more crimes must commence on the termination of the sentence on the first conviction, unless a later judgment and sentence expressly provides that the sentence shall run concurrently with sentence on the first conviction). Appellant has failed to present this Court evidence to show his sentences were the result of something other than the operation of law which mandates sentences be served consecutively. I find nothing in this record which would warrant consideration of a concurrent sentence, based on the facts of this case.

LANE, Judge, concur in results:

I would find that the information was sufficient, and therefore, I would concur in results in regard to Proposition I. *See* my special vote in *Parker v. State,* 917 P.2d 980, 990(Okl.Cr.1996) cert. denied —— U.S. ——, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997). Since the Information is sufficient, *Parker* does not apply.