FILED
United States Court of Appeals
Tenth Circuit

January 30, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL JAY SHOWALTER,

       Petitioner - Appellant,

v.

MIKE ADDISON, WARDEN,

       Respondent - Appellee.

No. 11-6289
(D.C. No. 5:11-CV-00088-M)
(W. D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Michael Jay Showalter, acting *pro se*, seeks a certificate of appealability

("COA") to enable him to appeal the denial of his 28 U.S.C. § 2254 petition for

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

relief from his conviction for forcible sodomy and the manufacture of child pornography. For the following reasons, we deny him a COA and dismiss this matter.

## BACKGROUND

A jury convicted Mr. Showalter, of one count of forcible sodomy, in violation of Okla. Stat. tit. 21, § 888, and one count of manufacturing child pornography, in violation of Okla. Stat. tit. 21, § 1021.2, both after two or more prior felony convictions.[1] He was sentenced to forty years' imprisonment on the forcible sodomy count and fifteen years on the child pornography count, with the sentences to run consecutively. Mr. Showalter appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction and sentence. He filed the instant habeas petition, raising five grounds for relief: (1) the trial court erred in admitting evidence where no chain of custody was proved; (2) the court erred in allowing one of the prosecution's expert witnesses to testify, even though some of the discovery material relating to the expert's testimony had not been turned over to the defense; (3) Mr. Showalter's conviction for taking pictures of himself while allegedly having sex with the victim and his conviction for having sex with the victim violate the double jeopardy clause and therefore require that

---

[1]The manufacture of child pornography charge was apparently based on Mr. Showalter's taking photographs of himself while engaged in the conduct which was the basis of his other count of conviction.

one of his convictions be set aside; (4) the court erred when it ordered Mr. Showalter's sentence for each conviction to be served consecutively; and (5) cumulative error compelled the grant of his habeas petition.

These are the same claims which Mr. Showalter argued on direct appeal, and they have been accordingly exhausted.

## DISCUSSION

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantive showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Thus, when the district court has ruled on the merits of a petitioner's claims, the petitioner must show that "reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court has ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

As the Supreme Court has reminded us recently, "[i]f this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id.

Mr. Showalter makes the same five arguments on appeal that he made before the district court. We accordingly address them in order.

Mr. Showalter first argues that the district court erred in admitting DNA evidence obtained from oral buccal swabs where there was no proper chain of custody established with respect to the swabs. At Mr. Showalter's trial, Grace Helms, a criminologist with the Oklahoma State Bureau of Investigation ("OSBI"), testified that she had received from the Enid Police Department buccal swabs taken from Mr. Showalter. Defense counsel objected to Ms. Helms' testimony regarding DNA, on the ground that she did not testify how the swabs came into the possession of the Enid Police Department. The trial court overruled defense counsel's objection.

On cross-examination, Ms. Helms was asked about the circumstances of her receipt of the swabs and she indicated that, while she did not know who actually took the swabs, they were part of an

> evidence package . . . submitted to the OSBI Northwestern Regional Laboratory, . . . by Shaclair Garcia, who is . . . with the Enid Police Department, for Mr. Hess, who is also with the Enid Police

Department, on May 30th of 2007. And then that evidence was transported from the OSBI Lab in Enid to the OSBI Lab–at that time it was in Oklahoma City. So it was transported there by Anthony Goldman, who is an associate with the OSBI, on the 12th of June of 2007.

Tr. of Trial Vol. II at 135-36.[2] She also testified that she received a "Request for Laboratory Examination Form" which contained the signatures of the officers submitting the evidence and the signature of the OSBI employee responsible for transporting the evidence. Id. at 136.

On direct appeal, the OCCA rejected Mr. Showalter's challenge to Ms. Helms' testimony, stating that "the trial court did not abuse its discretion in admitting the DNA evidence over defense counsel's chain of custody objection." Showalter v. State, No. F-2008-1069 (OCCA, March 3, 2010) (summary op.).

The problem Mr. Showalter faces in making this argument before us is that it "focus[es] exclusively on the proper interpretation of Oklahoma state law." Johnson v. Mullin, 505 F.3d 1128, 1141 (10th Cir. 2007). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As the district court correctly observed, Mr. Showalter "presents no additional evidence in this habeas action that the proper chain of custody evidence was so deficient as to render his trial fundamentally unfair." Report & Recommendation at 6, R. Vol.

---

[2]The State moved to compel Mr. Showalter to produce oral buccal swabs, and the trial court granted that motion.

1 at 179.[3]  The district court correctly determined that this issue presents no grounds for issuing Mr. Showalter a COA.

Mr. Showalter next argues that the trial court erred in allowing one of the State's experts, Todd Rigley, to testify regarding DNA evidence, when Mr. Showalter claims the State violated Oklahoma's Criminal Discovery Code by failing to provide to the defense some forty pages of discovery.  It appears that the "missing" forty pages were documentation forming the basis for the expert reports regarding DNA evidence.  The reports themselves were provided to the defense.

To the extent this is, again, a matter purely of state law, it runs afoul of the rule that habeas does not provide for review of claimed errors of state law.  See Estelle, 502 U.S. at 67-68.  To the extent he argues it was so egregious an error as to have rendered his trial fundamentally unfair (which he does, in a conclusory manner, in his appellate brief), he simply fails to establish how the error affected his trial.  Mr. Showalter does not explain just what the forty pages contained, nor does he even attempt to explain how their absence rendered his trial unfair.  Thus, this argument provides no basis for the issuance of a COA.

---

[3]The district court assigned this case for initial consideration to a magistrate judge.  The magistrate judge issued a report and recommendation, recommending dismissal of Mr. Showalter's habeas petition.  The district court then adopted the report and recommendation in whole.

Mr. Showalter's third argument is that his convictions for forcible sodomy (count one) and manufacture of child pornography (count two) violate the double jeopardy clause of the United States Constitution as well as an Oklahoma statutory prohibition against double punishment. With respect to the Constitutional claim, the long-standing rule is that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). In this case, it is clear that the offenses of forcible sodomy and manufacture of child pornography require different elements of proof. Thus, the federal Constitutional claim of a double jeopardy violation provides no basis for granting a COA.

And the OCCA's determination that there was no violation of Oklahoma's statutory prohibition against double punishment resolves that issue as, once again, habeas review does not exist to remedy alleged violations of state law.

Mr. Showalter's next argument (which he lists among his arguments but fails to develop in his brief) is that the trial court abused its discretion when it ordered his sentences to run concurrently. Oklahoma law provides that, unless an order directs two sentences to run concurrently, they are presumed to run consecutively. See Riley v. State, 947 P.2d 530, 535 (Okla. Crim. App. 1997); Okla. Stat. tit. 22, § 976. Once again, we note that habeas is not the appropriate

vehicle to challenge matters of pure state law. And the OCCA, on direct appeal, held that the trial court did not abuse its discretion when it ordered Mr. Showalter to serve his sentences consecutively.

Mr. Showalter's final argument (which he also lists among his arguments but fails to develop in his brief) is that he was the victim of cumulative error. We have expressly stated that "a cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002). Finding no errors at all in Mr. Showalter's case, we perceive no cumulative error.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Showalter a COA and **DISMISS** this matter. We also **DENY** his motion to proceed on appeal *in forma pauperis*, as he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809,812 (10th Cir. 1997) (internal quotation marks omitted)).

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-8-