OSCN Found Document:BOWLDS v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BOWLDS v. STATE
2024 OK CR 20
Case Number: F-2021-1155
Decided: 07/18/2024
CHARLES RANDY BOWLDS, JR., Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 20, __ __

 

 

SUMMARY OPINION

LUMPKIN, JUDGE:

¶1 Appellant, Charles Randy Bowlds, Jr., was tried by jury and convicted in the District Court of Logan County, Case No. CF-2019-45 of: Count 1, Kidnapping, in violation of 21 O.S.Supp.2012, § 741; Count 3, Assault and Battery With a Dangerous Weapon, in violation of 21 O.S.2011, § 645, both After Former Conviction of Two or More Felonies;[1] and Count 4, Domestic Assault and Battery (Misdemeanor), in violation of 21 O.S.Supp.2019, § 644(C). The jury returned guilty verdicts on all counts with sentences of twenty years imprisonment on Counts 1 and 3 and one year imprisonment and payment of a $5,000.00 fine on Count 4. The trial court sentenced Appellant in accordance with the jury's verdict and ordered all counts to run consecutively.

¶2 From this judgment and sentence, Appellant appeals and raises the following counseled propositions of error:

I. STRUCTURAL ERROR OCCURRED WHEN THE ONLY MINORITY JUROR WAS STRUCK BY THE PROSECUTION WITHOUT A NON-PRETEXTUAL, RACE-NEUTRAL REASON, REQUIRING A REVERSAL OF THE CONVICTIONS FOR A NEW TRIAL.

II. THE TRIAL COURT ERRED IN ORDERING THE SENTENCES TO RUN CONSECUTIVELY.

Appellant raises the following pro se propositions of error:

I. THE DENIAL OF APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL FOR FINAL SENTENCING WAS ARBITRARY AND VIOLATED APPELLANT'S SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION [SIC].

II. APPELLANT'S MOTION FOR SELF-REPRESENTATION WAS NOT INTELLIGENTLY, NOR VOLUNTARILY MADE AND THEREFORE RESULTED IN REVERSIBLE CONSTITUTIONAL ERROR.

III. TRIAL COUNSEL ALBERT HOCH, JR. WAS UNPREPARED, INCOMPETENT AND INEFFECTIVE DEPRIVING APPELLANT OF HIS SIXTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION [SIC].

IV. THE TRIAL COURT ABUSED ITS DISCRETION BY ARBITRARY [SIC] AND CAPRICIOUSLY DENYING HIS HANDWRITTEN PRO SE MOTION FOR NEW TRIAL.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence, Appellant is not entitled to relief.

I.

¶4 In his first proposition, Appellant makes a Batson[2] claim. He specifically argues the State improperly removed prospective juror JR from the jury panel. Review of this claim is for an abuse of discretion as Appellant objected at trial on this basis. Day v. State, 2013 OK CR 8, ¶ 15, 303 P.3d 291, 299. An abuse of discretion is a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented or stated otherwise, any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170 (internal citation and quotation marks omitted).

¶5 Concerning Batson challenges, the Supreme Court has summarized the governing standard as follows:

Batson held that the Equal Protection Clause of the Fourteenth Amendment prohibits prosecutors from exercising peremptory challenges on the basis of race. 476 U.S., at 89. When adjudicating a Batson claim, trial courts follow a three-step process:

"First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination." Snyder v. Louisiana, 552 U.S. 472, 476-477 (2008) (internal quotation marks and alterations omitted).

The opponent of the strike bears the burden of persuasion regarding racial motivation. Purkett v. Elem, 514 U.S. 765, 768 (1995) (per curiam), and a trial court's finding regarding the credibility of an attorney's explanation of the ground for a peremptory challenge is "entitled to 'great deference,'" Felkner v. Jackson, 562 U.S. 594, 598 (2011) (per curiam) (quoting Batson, 476 U.S. at 98, n.21). On direct appeal, those findings may be reversed only if the trial judge is shown to have committed clear error. Rice v. Collins, 546 U.S. 333, 338 (2006).

Davis v. Ayala, 576 U.S. 257, 270-71 (2015). This Court follows the teaching of Batson and holds the prosecutor's explanation need only be race-neutral and will be deemed to be so "unless a discriminatory intent is inherent in the answer." Grant v. State, 2009 OK CR 11, ¶ 26, 205 P.3d 1, 14. Once the prosecutor proffers a race-neutral reason, the burden shifts to the defense to prove discriminatory intent. Id.

¶6 The State exercised a peremptory challenge to remove JR[3] from the jury panel. When the defense objected to his removal based upon Batson, the State advised the trial court that when asked, JR did not admit he had prior contact with law enforcement. The prosecutor investigated whether all jurors had prior law enforcement contact and learned that JR did. Thus, JR's lack of candor during voir dire was the prosecutor's motivation for removing him from the panel. This was a race-neutral reason and there was no Batson violation. See Turrentine v. State, 1998 OK CR 33, ¶ 11, 965 P.2d 955, 965 ("that [prospective juror] was not candid with the trial court was a sufficient race-neutral explanation.").

¶7 The record shows no Batson violation occurred. Proposition I is denied.

II.

¶8 In his last counseled proposition, Appellant claims the trial court abused its discretion by running his sentences consecutively. The decision whether to run sentences concurrently or consecutively rests in the sound discretion of the trial court and there is no absolute constitutional or statutory right to concurrent sentences. Riley v. State, 1997 OK CR 51, ¶ 20, 947 P.2d 530, 534. The abuse of discretion analysis is set forth in Proposition I.

¶9 The fact that the trial court ordered Appellant's sentences to run consecutively is indicative of nothing more than the trial court's adherence to the statutory directive of 22 O.S.2021, § 976, that sentences run consecutively unless the trial court exercises its discretion and runs them concurrently. The record shows that Appellant, a father figure to CW, used a pretext to get her to go alone with him in a vehicle, then drove her to a secluded area where he proceeded to beat her. CW fled into the night to escape Appellant and he left her alone, never letting anyone know her whereabouts. Appellant fled Oklahoma and United States Marshals had to track him down, finding him in a casino in Las Vegas.

¶10 Based on this record, the trial court did not abuse its discretion in declining to run Appellant's sentences concurrently. Proposition II is denied.

¶11 The following are Appellant's pro se propositions.

I.

¶12 Appellant argues in his first pro se proposition that the trial court erred in denying his motion for appointment of counsel for his sentencing hearing. The record reflects that the trial court appointed Appellant two different attorneys during the course of this case, Joan Lopez and Albert Hoch. Neither satisfied Appellant and the record establishes his knowing and voluntary choice to represent himself.[4] It appears this Court has not addressed re-appointment of counsel after a valid waiver of counsel. However, the Tenth Circuit has done so and reviews a trial court's decision in that regard for an abuse of discretion. United States v. Merchant, 992 F.2d 1091, 1095 (10th Cir. 1993). In considering a request for re-appointment of counsel after a valid waiver of the right to counsel and exercise of the right to self-representation, the Tenth Circuit examines "the degree to which a defendant has shown good cause and the timeliness of the request." Id.

¶13 In this case, the record demonstrates Appellant's ardent dissatisfaction with not one, but two, court appointed attorneys and his equally ardent, intelligent and voluntary waiver of his right to counsel and exercise of his right to self-representation. Appellant filed a motion for appointment of counsel for his sentencing hearing on December 7, 2020, eleven days before the hearing date of December 18, 2020. His reason was that he had been sick with COVID and unable to prepare. However, Appellant filed a forty-five page pro se motion for new trial on December 2, 2020. The trial court denied Appellant's request, finding Appellant had previously made a knowing, voluntary waiver of his right to counsel, had prepared and filed a lengthy forty-five page motion for new trial and was capable and competent to represent himself at the sentencing hearing. Although the trial court did not address the timeliness of Appellant's motion for appointment of counsel, the record shows it was filed eleven days prior to the sentencing hearing. This was untimely as opposing parties are generally allowed fifteen days in which to file a response to a motion. Rule 4(e), Rules for District Courts of Oklahoma, Title 12, Ch. 2, App. (2021).

¶14 Guided by the analysis in Merchant, the trial court did not abuse its discretion in denying Appellant's motion for appointment of counsel for sentencing, as he failed to show good cause for, or timeliness of, his motion. Pro se Proposition I is denied.

II.

¶15 In his second pro se proposition, Appellant alleges his motion for self-representation was not made intelligently and voluntarily. This proposition has two subparts, A and B. In A, Appellant re-urges the claim made in pro se Proposition I, that the trial court abused its discretion in denying his motion for appointment of counsel for sentencing. We denied the claim in that proposition and there is no need for further discussion of it within this proposition.

¶16 Subpart B alleges his waiver of counsel was not made intelligently and voluntarily. To that end, Appellant directs the Court's attention to several portions of the record containing the colloquy between the trial court and Appellant regarding his request to represent himself and his motion for new trial, as well as to several cases which stand for the tenet that a waiver of counsel must be made knowingly, intelligently and voluntarily. Suffice it to say that the record demonstrates the trial court engaged in an exhaustive colloquy with Appellant regarding his waiver of counsel, one that shows Appellant unquestionably made an intelligent and voluntary waiver of that right and chose to represent himself.

Appellant fails provide argument regarding how this record fails to show the intelligence and voluntariness of his waiver. Thus, he has violated Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 App. (2024). Pro se Proposition II is denied.

III.

¶17 Appellant contends in his third pro se proposition that his second court-appointed attorney, Hoch, was ineffective for the following reasons: failing to present the recording he made of CW's phone conversation prior to March 5, failing to present bodycam footage from Oklahoma City Police officers speaking to Williams at her home on March 5, failing to present evidence of CW's alleged thyroid problem, failing to present testimony of CW's younger sister, failing to present text messages between Appellant and CW, and failing to present tax returns and a lease agreement which Appellant believed would provide him a defense to the kidnaping charge. Again, Hoch represented Appellant at trial through the testimony of Williams. This Court reviews ineffective assistance of counsel claims under the two-part test mandated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). Malone v. State, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. The Strickland test requires an appellant to show: (1) that counsel's performance was constitutionally deficient; and (2) that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

¶18 The Court begins its analysis with the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Appellant must overcome this presumption and demonstrate that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound trial strategy. Id. When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. Bland v. State, 2000 OK CR 11, ¶ 113, 4 P.3d 702, 731 (citing Strickland, 466 U.S. at 697. To demonstrate prejudice an appellant must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors. Id., 2000 OK CR 11, ¶ 112, 4 P.3d at 731. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

¶19 The record reveals that at a hearing on October 16, 2020, Appellant requested substitute counsel, alleging Hoch had not obtained or refused to present the above evidence Appellant believed he should have. In response, Hoch told the trial court he believed the items Appellant wanted were collateral to issues in the case and would be of no use to his defense; and in fact, would be detrimental to it. His strategy was not to present this damaging evidence. "This Court has held that '[s]o long as the choices are informed ones, counsel's decision to pursue one strategy over others is virtually unchallengeable.'" Davis v. State, 2011 OK CR 29, ¶ 208, 268 P.3d 86, 134 (quoting Jones v. State, 2006 OK CR 5, ¶ 78, 128 P.3d 521, 545). The trial court denied Appellant's request and Hoch continued to represent Appellant at trial through the testimony of Williams.

¶20 In this pro se proposition, Appellant fails to delineate how any of these items would have aided his defense and simply concludes the items would have been helpful. Thus, his claim that admission of these items would have changed the outcome of his trial is nothing but speculation. See Lott v. State, 2004 OK CR 27, ¶ 136, 98 P.3d 318, 351 ("Appellant must present this Court with evidence, not speculation, second guesses or innuendo."). Counsel was not ineffective for failing to present this material.

¶21 Concerning the tax returns, school records and a lease agreement, showing Appellant claimed CW as his child, he is mistaken that these provided a defense to the kidnaping charge. Oklahoma's kidnaping statute, 21 O.S.Supp.2012, § 741, contains no status provision whatsoever. It provides that any person "who without lawful authority, seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away another, with intent . . .[t]o cause such other person to be confined or imprisoned in this state against the will of the other person . . . shall be guilty of a felony . . . ." Appellant argued to the trial court that he stood in loco parentis to CW, so he could not be guilty of kidnaping her. The trial court ruled that the claim of in loco parentis was not a defense pursuant to Oklahoma law, and evidence in that regard was inadmissible. Since CW was eighteen, she was legally an adult. Thus, Appellant had no lawful authority to take her anywhere without her consent. See Logan v. State, 2013 OK CR 2, ¶ 11, 293 P.3d 969, 975 ("The omission of a meritless claim . . . cannot constitute deficient performance; nor can it have been prejudicial."). Moreover, Appellant testified that he claimed CW and her younger sister on his tax returns, despite the trial court's ruling, so the jury was aware of his contention. Counsel cannot be ineffective for failing to raise a meritless claim. 

¶22 Regarding Appellant's claim that CW's medical records should have been admitted, the claim is without merit. Counsel cross-examined both CW's mother and CW regarding whether CW had received diagnosis or treatment for any thyroid or anger issues. Thus, the issue was before the jury. Appellant testified about the issue himself, offering examples of CW's exhibitions of anger.

¶23 Based upon the record, counsel was not ineffective. Pro se Proposition III is denied.

IV.

¶24 In his final pro se proposition, Appellant faults the trial court for denying his motion for new trial. However, he provides no argument in support of this claim, nor does he cite to his motion or the transcript of the hearing on the motion, leaving this claim completely undeveloped. Thus, he has waived this claim from appellate review. See Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024); Knapper v. State, 2020 OK CR 16, ¶ 89, 473 P.3d 1053, 1080 (finding claim waived under Rule 3.5(A)(5) where it is inadequately developed).

¶25 Appellant's final pro se proposition is waived. Pro se Proposition IV is denied.

DECISION

¶26 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF LOGAN COUNTY, 
THE HONORABLE PHILLIP CORLEY, 
DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 CHARLES RANDY BOWLDS, JR.,
 DEFENDANT, PRO SE

 ALBERT HOCH
 803 ROBERT S. KERR, #611
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 CHRISTOPHER CAPRARO
 111 N. PETERS AVE., #100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
 MICHELLE MCELWEE
 ASST. DISTRICT ATTORNEY
 301 E. HARRISON AVE., #201
 GUTHRIE, OK 73044
 COUNSEL FOR STATE
 
 
 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 MICHEL A. TRAPASSO
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Appellant must serve 85% of his sentence on Count 3 before becoming eligible for parole consideration. 21 O.S.Supp.2015, § 13.1.

[2] Batson v. Kentucky, 476 U.S. 79 (1986).

[3] JR's surname is Hispanic.

[4] Hoch represented Appellant during the trial until after Ginger Williams testified.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2004 OK CR 27, 98 P.3d 318, 
LOTT v. STATE
Discussed

 
2006 OK CR 5, 128 P.3d 521, 
JONES v. STATE
Discussed

 
2009 OK CR 11, 205 P.3d 1, 
GRANT v. STATE
Discussed

 
2011 OK CR 29, 268 P.3d 86, 
DAVIS v. STATE
Discussed

 
2012 OK CR 7, 274 P.3d 161, 
NELOMS v. STATE
Discussed

 
2013 OK CR 1, 293 P.3d 198, 
MALONE v. STATE
Discussed

 
2013 OK CR 2, 293 P.3d 969, 
LOGAN v. STATE
Discussed

 
2013 OK CR 8, 303 P.3d 291, 
DAY v. STATE
Discussed

 
2020 OK CR 16, 473 P.3d 1053, 
KNAPPER v. STATE
Discussed

 
2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, 
Bland v. State
Discussed at Length

 
1997 OK CR 51, 947 P.2d 530, 68 OBJ 3119, 
Riley v. State
Discussed

 
1998 OK CR 33, 965 P.2d 955, 69 OBJ 2028, 
Turrentine v. State
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 741, 
Kidnapping
Discussed

 
21 O.S. 644, 
Punishment for Assault and Battery
Cited

 
21 O.S. 645, 
Assault, Battery, or Assault and Battery with Dangerous Weapon
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 976, 
Multiple Offenses - Consecutive or Concurrent Sentences - State Funds
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA